ALICE C. BURKE
vs.
WALTER MYERS, JR., ADMR.

Superior Court          Fairfield County          File #48325

Present: Hon. ALFRED C. BALDWIN, Judge.

Wilson & Hanna,                    Attorneys for the Plaintiff.

S. A. Davis,                       Attorney for the Defendant.

## MEMORANDUM FILED NOVEMBER 20, 1935.

BALDWIN, J. This action was brought to recover taxes, interest on a first mortgage, fire insurance premiums, a second mortgage and improvements, in all amounting to $1289.98, and paid by the plaintiff upon property bought by her under the mistaken belief that it was owned by the grantor in a deed purporting to convey the property to her, while in fact the property was owned by this defendant's intestate.

The first, second, third, sixth and eighth grounds of the

defendant's demurrer involve the question of knowledge of defendant's intestate of these payments and of the payments rendering the property more valuable, or enriching the intestate, while the fourth, fifth and seventh grounds are addressed to the right to bring action to recover against this defendant.

This is not an, action to recover on a contract, nor is it to recover upon a quasi-contract.

The complaint alleges unjust enrichment of the decedent resulting from these payments through the mistaken belief by the plaintiff that the payments were being made by her upon account of property owned by her whereas in fact the property was owned by defendants' decedent.

The obligation upon which recovery is sought is an obligation created by law. It is known as a quasi-contractual obligation.

The facts alleged in the complaint do not set up an express contract, either written or oral.

"Neither do they establish a quasi-contract, which is not a contract at all but an obligation which the law creates out of the circumstances present, although the contractor did not assume the obligation, and may not have intended it but in fact actually dissented from it. Unjust enrichment is said to be the most important source of quasi-contractual obligations." **Bartlett vs. Raidart, 107 Conn. 691, 694, 142 Atl. 398.**

The demurrer is overruled upon all of its grounds.