## CHARLES CLYMAN
vs.
## DESSIE MAY BUDGEN, ET AL.

Superior Court    New Haven County    File #50537

Present: Hon. CARL FOSTER, Judge.

Bartlett, Keeler & Cohn,    Attorneys for the Plaintiff.

Omar Platt,    Attorney for the Defendants.

## MEMORANDUM FILED FEBRUARY 3, 1937.

FOSTER, J. On October 30, 1935, the plaintiff entered into a written contract with the defendants, whereby the defendants agreed to sell unto the plaintiff a certain tract of land and the buildings thereon standing situated on Broad Street in the Town of Milford, for the sum of $50,000. payable $500. upon the execution of the agreement; $27,000. by assumption

of a first mortgage, to which the property was subject; and $22,500. in cash or certified check at the time of delivery of a deed. The sellers agreed to make conveyance by warranty deed, free and clear of all encumbrances except a certain lease expiring **March 1, 1942,** and certain other small encumbrances of no moment in this case. Title was to pass on or before 90 days from the date of the agreement at the option of the purchaser. On January 4, 1936, the written agreement was modified in writing by extending the date of passing the title to June 1, 1936, and the payment by the purchaser at the time of the execution of the modification of a further sum of $2,000. The $2500. thus paid was to be applied upon the purchase price. On June 1, 1936, the defendants tendered to the attorney for the plaintiff a warranty deed of the property, subject to the lease **as of record** and other encum-brances mentioned in the agreement and offered that such deed would be duly executed by Dessie May Budgen, in whose name the property stood of record. The attorney for the plaintiff declined to accept the deed or to pay the money agreed by the plaintiff to be paid, upon the ground that in the agreement the defendants agreed that the property was subject to a lease expiring in 1942, whereas the lease in ques-tion contained a right in the lessee for an extension of ten years beyond 1942. The further claim was made by the plaintiff that examination by engineers showed that the foun-dation of the building encroached a few inches on adjoining land not owned by the defendants and that the foundation of a building on adjoining land encroached a few inches on the defendants' land.

No question of tender is raised in this case. It is conceded that the defendants were willing to convey such title as they had. It is conceded that on June 1, 1936, the plaintiff was not willing to accept such title as the defendants had nor to pay the amount he had agreed to pay on that date.

The right of the lessee to a renewal of the lease for a per-iod of ten years was an encumbrance on the property not mentioned in the agreement; and from such an encumbrance the defendants agreed to warrant the property free and clear by their deed. This they did not do. That they broke their agreement with the plaintiff, there can be no doubt.

Musial et ux vs. Kudlik, 87 Conn. 164.

Storrs vs. Pannone, 113 Conn. 328, 331.

Plaintiff further claims that the defendants broke the contract in that on June 1, 1936, they were not able to convey a marketable title to the building on the premises, because it encroached upon the land east of it, and because the building on such adjoining land encroached on the defendants' land, and because the building of the defendants had no easterly wall.

The land of the defendants and the land immediately east of it was formerly owned by The Webber Baking Company. The foundations of the defendants' building and that adjoining it on the east were constructed at the same time. There was constructed at approximately the same time a wall that served as the east wall of the defendants' building and the west wall of the building adjoining the defendants' building on the east. On the same day, February 10, 1923, The Webber Baking Company conveyed unto the defendant, Dessie May Budgen, the property here in question and unto Frank D. Somers the property immediately adjoining it on the east. The greater part of the easterly foundation wall of the defendants' building is upon land immediately east of it—there being a thickness of wall on the defendants' land at the north end of the building of $5\frac{3}{8}$ inches at the base and $1\frac{1}{2}$ inches at the top of the foundation and at the south end of the building of $8\frac{3}{8}$ inches at the base and $\frac{3}{4}$ inches at the top of the foundation. The entire east wall of the defendants' building above the foundation is on or over the adjoining land. If this wall were taken down, it would leave the defendants' building open to the elements, except for studding covered with beaver board or sheet rock. It would seem that the Webber Baking Company constructed these two buildings with common adjoining foundations and walls and then, when conveying the properties to two separate grantees, designated the metes such that the dividing line runs through the foundation and slightly to the west of the wall above the foundation.

In the agreement of sale nothing was said about the walls or foundations of the building. The defendants agreed to convey unto the plaintiff "certain land with the buildings thereon" having a certain frontage and depth. This the defendants were prepared to do on June 1, 1936. Applying to the situation all of the definitions of a marketable title appearing in the cases cited by the plaintiff, as well as other cases, and without entering into extensive argument of the same, I find that insofar as the foundations and wall are con-

cerned, the defendants were prepared to convey unto the plaintiff a marketable title to the premises in question.

Since the defendants broke the agreement by the unmentioned right of extension of the lease, we come to the question of damages.

The defendants claim that in the event of a breach of the agreement by the defendants, the plaintiff had the right of election to either affirm the contract and bring his action for damages for non-performance or to disaffirm the contract ab initio and bring his action for recovery of the $2500. paid to the defendants for the option. The defendants claim that the plaintiff has not disaffirmed the contract, but has brought his action for such damage as he may be able to prove he suffered by the defendants' breach of the agreement. They claim that the plaintiff has proved no damages, and that, therefore, he cannot recover the $2500. that he paid the defendants. In other words, the defendants claim that, even if it be found that they broke the contract they may retain the $2500., since there was no disaffirmance of the contract by the plaintiff.

The plaintiff has alleged all of the facts of his case and claims generally the damages that he has suffered on account of the defendants' breach of the agreements. That the defendants had $2500., to which they were entitled to the use of up to June 1, 1936, there can be no question; nor can there be any question that they have not been entitled to the use of this sum since that date.

The plaintiff claims the difference between the contract price and the value of the land on June 1, 1936, which he claims was much in excess of the contract price, the loss of the value of the contract; the prospective profit on a resale of the property.

The plaintiff himself did not appear in court, and it does not appear that there was any opportunity of resale of the property or any definite prospective profit.

As to the plaintiff's claim concerning the value of the property on June 1, 1936, there is offered on his behalf as a witness one Samuel N. Schnee of Fairfield, Connecticut. He claims to have been in the real estate brokerage business in excess of twenty years, specializing in chain store properties, and he has appraised properties all over the country from

Maine to Florida and to and including the Pacific Coast. He does not testify that he has ever had experience in appraising any real estate in Milford. This witness testifies that the value of the property on June 1, 1936, was much in excess of the contract price of $50,000.

The defendant produces as a witness as to value of this real estate on June 1, 1936, one Herbert W. Oviatt. To be sure, Mr. Oviatt has not had experience in appraising real estate from Maine to Florida and the Pacific Coast, but he has had forty years experience in appraising properties in New Haven and Milford and has lived at one time for four years in Milford and is now managing real estate there and now has his residence in New Haven. Mr. Oviatt appraises this property at less than $50,000.

I find that the fair market value of the estate here in question as of June 1, 1936, was no more than $50,000.

The plaintiff claims damages for expense of a surveyor, $128., search of title, $10. These sums were expended by the plaintiff for his own information and protection and not by reason of the breach of the contract by the defendants. It is inconceivable that a man would contemplate the purchase of real estate costing him $50,000. without having the building surveyed and the title searched before signing a contract for its purchase. Whether the plaintiff knew of the defect in the title before he signed the contract to purchase it does not appear, nor is that fact relevent.

A contract of sale was executed, the effect of which was to bind the defendants to give a deed, if the plaintiff wanted a deed, and to permit the plaintiff to avoid the purchase, if by his failure to resell the property by June 1, 1936, or for any other reason, he desired to do so. The plaintiff was perfectly safe in paying the $2500. for the option; for, if the sale was consummated, it applied on the purchase price, and, if the plaintiff chose not to consummate the purchase, he had a right to the return of the $2500., by reason of the defect in the title.

The defendants testify that they did not need to employ counsel in this real estate transaction. This case is an excellent example of the fact that it is more economical to employ counsel to keep one out of difficulty than to later be obliged to employ counsel to extricate one from difficulty.

Upon all of the evidence in this case the plaintiff is entitled to recover from both of the defendants the sum of $2500. that he paid them for the option on the real estate with interest on that amount at the rate of 6% per annum from June 1, 1936.

Judgment may be entered that the plaintiff recover from the defendants damages of $2601.25.