[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
This is a products liability case upon which a CUTPA claim has been superimposed.
On February 11, 1989, the plaintiff purchased candy made by the defendant. On March 9, 1989, the plaintiff broke a tooth caused by biting into the candy thereby sustaining injuries.
The plaintiff alleges a violation of the Connecticut Products Liability Act, section 52-572m through 52-572r, in that the defendant's product was defective and unreasonably dangerous. The plaintiff further claims that the defendant failed to warn, and misrepresented the safety of its product, and failed to properly test its product before marketing it.
Based upon the allegations in the products liability claims, the plaintiff has alleged a violation of the Connecticut Unfair Trade Practices Act, section 42-110a, et. seq. (CUTPA).
The defendant moves to strike the CUTPA claim on the basis that the products liability action is all inclusive and precludes a separate count based upon CUTPA.
Several superior court cases have held that a count brought under the Products Liability Act precludes a CUTPA CT Page 4195 count in the same action. Connecticut v. McGriff, 4 CSCR 609
(July 10, 1989, Thomspon, J.); Jaconski v. Harley Davidson Co. Inc., 4 CSCR 413 (April 21, 1989, Koletsky, J.); Grieg, Administrator v. Koehring Construction Equipment Co.,2 CSCR 511 (April 15, 1987, Noren, J.). Other superior courts have held that a product liability count may be accompanied by a count sounding in CUTPA. Haeshe v. Kissner, 4 CSCR 718 (August 15, 1989, Berdon, J.); Morrisey v. Toyotonie America,3 CSCR 101 (November 27, 1987, Berdon, J.); Collier v. Bridgehaven Truck Sales, Inc., 2 CSCR 886 (July 22, 1987, Kulawiz, J.).
General Statutes section 52-272n (a) states:
 "A product liability claim . . . may be asserted and shall be in lieu of all other claims against product sellers, including actions of negligence, strict liability and warranty for harm caused by a product."
This statute has been interpreted to be exclusive of causes of actions which plead common law theories of liability. Daily v. New Britain Machine Co., 200 Conn. 562, 571 (1986). "[T]he products liability statute provides an exclusive remedy and the plaintiffs cannot bring a common law cause of action for a claim within the scope of the statute." Id.
General Statutes sec. 52-572m(b) defines a product liability claim as including "all claims or actions brought for personal injury . . . caused by the . . . making . . . of any product." Section 52-575n.
CUTPA creates a statutory cause of action (Conn. Gen. Stat. sec. 42-110b(a). CUTPA does not involve a product, nor is it a claim for personal injury caused by the making of a product. We arrive at this conclusion by comparing the purpose of the product liability statutes and the CUTPA statute. General Statutes section 42-110b(a) provides:
 "No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce."
CUTPA deals with actions that cause unjustified consumer injury rather than a personal injury based upon negligence. A-G Foods, Inc. v. Pepperidge Farm, Inc., 216 Conn. 200,217 (1990). CUTPA'S main emphasis is on unfair or deceptive practices. Mead v. Burns, 199 Conn. 651, 664 (1986). However, our Products Liability Statutes have, as a principal purpose "to protect people from harm caused by defective and hazardous CT Page 4196 products." Rodia v. Tesco Corporation, 11 Conn. App. 391, 396
(1987).
Since CUTPA and the Products Liability Statutes are legislative remedies serving to accomplish different objectives, they are not mutually exclusive of the other. CUTPA being a remedial statute, Hinchliffe v. American Motors Corporation,184 Conn. 607, 616 (1981), and the Products Liability Statutes being a substantive statute providing for damages caused by harm from a product in lieu of common law causes of action. Daily v. New Britain Machine Co., supra 571.
The defendant also seeks to strike the plaintiff's claim of statutory interest pursuant to sec. 37-3a. "The allowance of interest is primarily an equitable determination to be made within the discretion of the trial court." Scribner v. O'Brien, Inc., 169 Conn. 389, 406 (1975). "The Supreme Court has announced the rule that interest was not allowable for personal injuries because the damages awarded `include all future as well as past sufferings and disabilities.'" Taranto v. Hood,3 CSCR 43 (November 12, 1987, Cioffi, J.) quoting Duffy v. Bishop Co., 99 Conn. 573, 581 (1923). On the other hand, interest is allowable from the date of injury on damages resulting from tortious injury to property. Scribner, 169 Conn. at 406. Interest on medical expenses is permissible if the plaintiff can demonstrate when payments on medical expenses were made. Hood, 3 CSCR at 43; see also Duffy, 99 Conn. at 581-82 (interest on medical expenses not allowed where plaintiff could not demonstrate whether payments had been made). "Assuming the plaintiff here can demonstrate when she made medical payments, she would be allowed to seek interest on those payments, and the motion to strike [should be] denied as regards interest on medical payments." Hood, 3 CSCR at 43. Interest may also be awarded for time lost from employment. Id.
Accordingly, defendant's motion to strike is denied.
ARNOLD W. ARONSON JUDGE, SUPERIOR COURT