[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE MOTION TO STRIKE #122; MOTION TO STRIKE #125
The plaintiff, Robert Cunningham, instituted this action against the defendants, Chainsaws Unlimited, Inc. ["Chainsaws"] and Tilton Equipment, Inc. ["Tilton"] seeking damages for injuries allegedly sustained from the use of a defective chainsaw. Count one of the plaintiff's complaint is brought pursuant to the Connecticut Products Liability Act ["CPLA"] Conn. Gen. Stat. 52-572m et seq. counts three and four of the plaintiff's complaint are brought pursuant to the Connecticut Unfair Trade Practices Act ["CUTPA"] Conn. Gen. Stat. 42-110b et seq. against the defendants Chainsaws and Tilton respectively.
On July 17; 1991, the defendant Chainsaws filed a motion to strike count three of the plaintiff's complaint and a supporting memorandum of law. [Motion to Strike #122]. On August 2, 1991, the defendant Tilton, CT Page 8142 filed a motion to strike count four of the plaintiff's complaint and a; supporting memorandum of law. [Motion to Strike #125]. The plaintiff timely filed memoranda in opposition to the motion to strike.
A motion to strike challenges the legal sufficiency of the allegations of a complaint to state a claim upon which relief can be granted. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170 (1988). The facts alleged in the complaint are to be construed in a manner most favorable to the pleader. Biro v. Hill, 214 Conn. 1, 2 (1990). A motion to strike is the proper vehicle to test the legal sufficiency of a CUTPA claim. Ivey, Barnum O'Mara v. Indian Harbor Properties, Inc., 190 Conn. 528, 531
(1981).
The defendants move to strike counts three and four of the plaintiff's complaint on the grounds that a cause of action based on, CUTPA cannot be brought with a claim based on CPLA. The defendants rely on State v. McGriff, et al, 4 CSCR 609 (July 10, 1989, Thompson, J.), Jaconski v. Harley-Davidson Co., Inc., et al, 4 CSCR 413 (April 21, 1989, Koletsky, J.), Dinardo v. Coronaverden Atkiebo, et al,2 CSCR 803 (July 9, 1987, Ryan, J.) and Grieg v. Koehring Construction Equipment Co., et al., 2 CSCR 511 (April 15, 1987, Noren, J.) in support of their motions to strike.
The plaintiff, in opposition to the motions to strike relies on Morrissey, et al v. Toyotomi: America, Inc., 3 CSCR 101 (November 27, 1987, Berdon, J., for the proposition that "a claim under CUTPA is not within the scope of the Connecticut Products Liability Act which provides for damages arising out of the product. Instead, CUTPA deals with `unfair methods of competition and unfair a deceptive acts or practices in the conduct of any trade or commerce."' See also Haesche v. Kissner, 3 CSCR 718
(August 15, 1989, Berdon, J.) (motion to strike denied because CPLA and CUTPA seek to compensate for different types of harm; CPLA for harm from a product and CUTPA for harm from business practices). The court finds this reasoning to be persuasive.
Accordingly, a party may plead a claim under CUTPA in a products liability action and the defendants' motions to strike #122, #125 are denied.
SUSCO, J.