[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#101)
The plaintiffs, Donald O. Notman, Jr., Administrator of the Estate of decedent Andrea L. Notman, and Beryl S. Notman, Heather K. Notman and Peter K. Notman, filed a complaint on October 18, 1991, seeking to recover for wrongful death of the decedent due to injuries she sustained while riding as a rear-seat passenger in an allegedly defective "Probe LX" automobile, manufactured by the defendant, Ford Motor Company ("Ford"), a corporation doing business in the State of Connecticut. The plaintiffs' complaint consists of three separate counts: (1) a wrongful death claim under Conn. Gen. Stats. 52-555 and 52-572m et seq.; (2) a claim under the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stats. 42-110a et seq.; and (3) a claim for loss of filial consortium.
In the first count, the plaintiffs allege that the Probe LX has various manufacturing and design defects. The plaintiffs also allege that Ford failed to give adequate warnings regarding the vehicle's acceleration capacity and the "unusual characteristics" of a skidding front wheel drive vehicle. In the second count, the plaintiffs incorporate the acts alleged in support of their product liability claim, and add that Ford violated CUTPA by "knowingly providing the . . . improperly designed and manufactured vehicle for sale" to the owner, Steven L. Hluchnik. The third count also incorporates the facts alleged in the first count, and adds that as a result of Ford's allegedly defective product, the named plaintiffs lost the love, affection and consortium of Andrea L. Notman.
On December 9, 1991, the defendant filed a motion to strike the second and third counts of the plaintiffs' complaint as legally insufficient, on the grounds that the plaintiffs failed to allege facts which would permit recovery under CUTPA, and that Connecticut does not allow recovery for loss of consortium between parent and child, or between siblings.
Ford filed a memorandum in support of its motion to strike CT Page 2029 as required by Practice Book 155, and plaintiffs timely filed a memorandum in opposition, on December 24, 1991. On December 30, 1991, defendant filed a reply brief in support of its motion to strike and on January 14, 1992, the plaintiffs filed a reply memorandum in opposition.
A motion to strike challenges the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted. Practice Book 152, Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185 (1988). A motion to strike admits all facts well pleaded, but does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Mingachos v. CBS, Inc., 196 Conn. 91,108, 491 A.2d 368 (1985). The court must construe the facts in the complaint most favorably to the plaintiff. Gordon v. Bridgeport Housing Authority, supra, 171.
With respect to the plaintiffs' second count, the defendant argues that the plaintiffs cannot bring a CUTPA claim and a product liability action based on the same factual allegations, as the statutory product liability remedy bars such a claim. The plaintiffs argue that the statutory product liability remedy does not pre-empt a CUTPA claim, and that unfair trade practice claims can be brought in the same action as a product liability claim. The plaintiffs also contend that, by adding the phrase "knowingly providing the . . . improperly designed and manufactured vehicle for sale . . .," a legally sufficient CUTPA claim is made, as this phrase converts the plaintiffs' product liability pleadings into pleadings which constitute a valid CUTPA claim.
A CUTPA claim, arising out of the same transaction or occurrence, may be pleaded as a separate count in an action under the Connecticut Product Liability Statutes. D'Alfonso v. Jacobs Suchard, Inc., 4 Conn. L. Rptr., No. 7, p. 220 (July 1, 1991, Aronson, J.); Haeshe v. Kissner, 4 CSCR 718 (August 15, 1989, Berdon, J.).
General Statutes 52-272n(a) states:
 A product liability claim . . . may be asserted and shall be in lieu of all other claims against product sellers, including actions of negligence, strict liability, and warranty for harm caused by a product.
This statute provides an exclusive remedy and precludes a common law cause of action for a claim within the scope of the statute. Winslow v. Lewis-Shepard, Inc., 212 Conn. 462, 562 A.2d 517
(1989); Daily v. New Britain Machine Co., 200 Conn. 562, 571,512 A.2d 893 (1986). General Statutes 52-572m(b) further CT Page 2030 defines a product liability claim as including "all claims or actions brought for personal injury, death or property damage" caused by a defective product. West Haven School District v. Owens-Corning Fiberglass Corp., 14 Conn. L. Trib., No. 44, p. 23 (November 7, 1988, Lewis, J.). Thus, the principal purpose or the product liability statute is to provide a remedy for people who have been harmed by defective products. Rodia v. Tesco Corporation, 11 Conn. App. 391, 396, 527 A.2d 721 (1987).
In contrast, CUTPA deals with actions that cause unjustified consumer injury rather than a personal injury based upon negligence. A-G Foods, Inc. v. Pepperidge Farm, Inc.,216 Conn. 200, 217, 579 A.2d 490 (1990). The main emphasis of CUTPA is on unfair or deceptive practice. Mead v. Burns, 199 Conn. 651,664, 509 A.2d 11 (1986). A CUTPA claim does not have to involve a product, "nor is it a claim for personal injury caused by the making of a product." D'Alfonso v. Jacobs Suchard, Inc., supra, 220. The court reached this conclusion by comparing the purpose of the product liability statutes with General Statutes 42-110b(a) which provides that:
 No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce . . . .
and with General Statutes 542-110g(a) which provides that:
 Any person who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment of a method, act or practice prohibited by 42-110b, may bring an action to recover actual damages.
Thus, a violation of CUTPA may be established by showing "either an actual deceptive practice or a practice amounting to a violation of public policy." Daddona v. Liberty Mobile Home Sales, Inc., 209 Conn. 243, 254, 550 A.2d 1061 (1988) (citations omitted). Therefore, a plaintiff who pleads a CUTPA claim along with a product liability claim must plead separate factual allegations in support of his CUTPA claim, as CUPTA provides a remedy for a different type of injury caused by a different category of wrongful conduct.
In the present case, the plaintiffs attempt to support their CUTPA claim by incorporating the facts pleaded in support of their product liability claim, and by adding the legal conclusion that Ford violated CUTPA by "knowingly providing the . . . improperly designed and manufactured vehicle for sale to Mr. Steven L. Hlunchnik. . ." (the owner of the vehicle). The CT Page 2031 product liability statutes preclude any claim that is "basically co-extensive with" or "functionally identical to" a simultaneously pled product liability claim. West Haven School District v. Owens-Corning Fiberglass Corp., supra, 23. A CUTPA claim, accompanied by allegations that the defendant sold a product "with the deficiencies alleged in the product liability count of the complaint," does not create a functional distinction between the allegations of the product liability count. Jaconski v. Harley-Davidson Co., Inc., 4 CSCR 413 (April 21, 1989, Koletsky, J.).
Plaintiffs' act of incorporating their product liability allegations in support of their CUTPA claim amounts to a "functionally identical" claim which is precluded by the product liability statutes. Plaintiffs' conclusion that Ford "knowingly" provided a defective product is not a legally sufficient fact, as "knowledge . . ., either constructive or actual, need not be proven to establish a violation of CUTPA." Web Press Services Corp. v. New London Motors, Inc., 203 Conn. 342,363, 525 A.2d 57 (1987). Plaintiffs have failed to state a legally sufficient cause of action under CUTPA.
In its memorandum in support of its motion to strike the third count of the plaintiffs' complaint, the defendant argues that, in Connecticut, loss of consortium does not extend to the parent-child, or sibling-sibling relationships. The plaintiffs claim that, based on a footnote in an appellate decision, the law in Connecticut is unsettled, and a claim for loss of filial consortium should be allowed because other states now recognize such a claim.
The Connecticut Supreme Court recognizes a cause of action on behalf of a spouse for the loss of consortium of an injured marital partner. Hopson v. St. Mary's Hospital, 176 Conn. 485,408 A.2d 260 (1979). The Connecticut courts have declined to expand upon this rule, and denied parents the right to recover for their loss of consortium with their children. Mahoney v. Lensink, 17 Conn. App. 130, 550 A.2d 1088 (1988); Shattuck v. Gulliver, 40 Conn. Sup. 95, 480 A.2d 610 (Super.Ct., 1984, Pickett, J.). The footnote cited by the plaintiffs states that "[n]o appellate court case has yet addressed squarely the issue of whether, under any circumstances, a cause of action for the loss of filial consortium lies." Mahoney v. Lensink, supra, 141, n. 7. However, the sentence that precedes the footnote clearly states that "[t]he right to consortium is said to arise out of the civil contract of marriage, and as such, does not extend to the parent-child relationship." Id., 141. Plaintiffs' complaint fails to allege that the decedent, Andrea L. Notman, was; the spouse of any of the named plaintiffs. Even were the court to recognize a claim for loss of filial CT Page 2032 consortium, the complaint fails to state the named plaintiffs' respective filial relationships with the decedent.
Accordingly, the court grants defendant's motion to strike the third count of the complaint on the ground that the plaintiffs have failed to state a legally sufficient cause of action.
The defendant's motion to strike the second and third counts of the plaintiffs' complaint is granted.
BURNS, JUDGE