[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant Grassi Oldsmobile-Cadillac, Inc. and Jack D. Grassi ("the defendants") have moved to strike various portions of the Amended Complaint hereafter discussed.
The Amended Complaint alleges that Raymond Cuevas and Rodie Cuevas, on behalf of the plaintiff Preferred Remodelers, Inc., ("the plaintiffs") purchased a motor vehicle from the defendant which was manufactured by General Motors. The plaintiff further alleges that prior to the time of purchase the vehicle was subject to recall for the purpose of replacing mounting bolts on the antilock brake system which, if unrepaired, could caused sudden brake failure. The plaintiffs then claim that despite the fact that the defendants knew of the requirements of such a replacement the vehicle was sold without warning and without replacement. After the vehicle was sold the complaint alleges that plaintiff Raymond Cuevas was operating the motor vehicle with the plaintiff Rodie Cuevas as a passenger, when the brakes failed causing an accident. Raymond Cuevas and. Rodie Cuevas claim to have sustained personal injuries as a result of the incident and the Plaintiff, Preferred Remodelers, Inc., claims a property damage loss and economic losses.
The defendant moves to strike allegations contained in paragraph 26 of First Count of the complaint which sets forth a cause of action in negligence on the grounds that the product liability act constitutes the exclusive remedy. Our statutes provide that a product liability claim, as defined in the statutes, shall be "in lieu of all other claims against product sellers, including actions of negligence, strict liability and warranty, for harm caused by a product." General Statutes Section 52-572m(a) The claims of negligence are within the scope of the Product Liability Act which is the exclusive remedy for such claims. Burkert v. Petrol Plus of Naugatuck, Inc., 216 Conn. 65, 73 (1990). Winslow v. Lewis-Shepard Inc. 212 Conn. 462, 471 (1989). The Motion to Strike the allegations of negligence contained in paragraph 26 of the First Count is therefore granted. CT Page 2056
The Fifth count of the complaint alleges that the conduct of the defendants constituted a deceptive trade practice under General Statutes Section 42-110 et seq. ("CUTPA") The defendants have moved to strike the Fifth count on the ground that the product liability act provides that it shall be in lieu of all other claims and therefore, the plaintiff is precluded from asserting a claim under CUTPA.
A product liability claim includes "all claims or actions brought for personal injury, death or property damage caused by the manufacturing, construction, design, formula, preparation, assembly, installation, testing, warnings, instructions, marketing, packaging or labeling of any products." General Statutes, Section 52-572m(b). The product liability act is the exclusive remedy for all claims falling within its scope. Burkert, supra at 73 Winslow, supra at 471. CUTPA, on the other hand, is designed to prohibit "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." General Statutes, Section 42-110b(a). The Product Liability Act and CUTPA therefore have different purposes which has led some courts to conclude that the Product Liability Act is not exclusive and that CUTPA claims can be concurrently prosecuted. See e.g. D'Alfonso v. Suchard. 4 Conn. L. Rptr. #7 220 (May 17, 1991); Cunningham v. Chainsaws Unlimited, Inc., 4 Conn. Law Rptr. #20 (Sept. 11, 1991); Kosowsky v. Sandoz Nutrition Corp., 4 Conn. Law Rptr. #15 500 (August 26, 1991).
The Fifth Count of the complaint simply alleges a factual pattern involving the sale of the motor vehicle, the failure to perform the recall services, the existence of an accident and fault on the part of the defendants. The allegations of the Fifth Count re-alleges paragraphs 1 through 22 of the First Count, alleges fault on the part of the defendants and claims a CUTPA violation.
These are no allegations asserting specific injury damage as to any of the plaintiffs. The Fifth Count therefore, at most, asserts a claim for personal injury and property damage arising out of a sale of the motor vehicle and therefore asserts a product liability claim within the meaning of General Statutes, Section52-572m(b). The claims asserted are therefore within the scope of the act which provides the exclusive remedy. Winslow, supra, see and accordingly, see Grieg v. Koehring Construction Equipment2 CSCR 511 (1987); State of Connecticut v. McGriff, 4 CSCR 609 (1989); Jaconski v. Harley Davidson, 4 CSCR 413 (1989), accordingly the motion to strike the Fifth Count is granted.
The defendants also have moved to strike the claim for punitive damages as set forth in paragraph ii of the claims for relief. General Statutes Section 52-240b provides; "Punitive CT Page 2057 damages may be awarded if the claimant proves that harm suffered was the result of the product seller's reckless disregard to safety of product users, consumers or others who were injured by the product." Words and phrases of a Statute are to be construed according to their commonly approved usage of the language and there is nothing in the product liability act that suggest that the phrase "reckless disregard" is to be given an unique interpretation. Ganim v. Roberts, 204 Conn. 760, 763 (1987). In the present case the plaintiffs have alleged that the defendants were aware of the need for the replacement of parts in the vehicle; that they were aware that the defect could not be detected by reasonable inspection; that the defendants sold the vehicle to the plaintiffs without warning and without performing the repairs either prior to the sale or on other occasions when the vehicle was serviced; and that, without replacement, sudden brake failure could occur. The evidence admissible under the complaint allows for the presentation of facts necessary to satisfy the "reckless disregard" requirement under the Statute and the motion to strike the claim for punitive damages is, therefore, denied.
The defendants have also moved to strike the claim for recission of the contract as set forth in claim for relief in on the grounds that the Product Liability Act does not provide for such relief. In ruling upon a motion to strike, the court is limited to considering the grounds specified in the motion. Meredith v. Police Commission, 182 Conn. 138, 140 (1980). The plaintiff, Preferred Remodelers. Inc., has asserted a claim for economic damages such relief may however be recoverable under the Uniform Commercial Code. See General Statutes Section 42 a-2-711. The motion to strike the claim for recission is not addressed to that issue and is therefore denied.
RUSH, JUDGE