[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKE
Plaintiff has moved to strike the second special defense of the defendant, Brian Robbins directed to the third count of the plaintiff's complaint sounding in assumption of risk which sets forth a cause of action based on recklessness. The motion to strike claims that the defense of assumption of the risk is legally insufficient when addressed to a count alleging reckless conduct.
We recognize that there are divergent opinions in our CT Page 6641 Superior Court on the issue of whether assumption of the risk may be pled as a special defense to a cause of action sounding in recklessness. See e.g. Hoekman v. Kukai Caliente, Inc.,4 CSCR 412 (April 38, 1989, Schaller, J.), Weeman v. Church, D.N. 184742, Judicial District of New London, Memorandum on Motion to Strike (October 6, 1987), Schimelman, J.), upholding the sufficiency of the assumption of risk defense.
In Cheneski v. Barber, D.N. 307083, Judicial District of Danbury, Memorandum of Decision on Motion to Strike (February 7, 1992, Fuller, J), the court struck the special defenses of contributory negligence and assumption of risk, stating that
 it is doubtful whether assumption of the risk applies as a defense to a claim of willful, wanton or reckless misconduct under Connecticut law, and the majority rule in other states is that assumption of the risk is not a valid defense to such actions. 64A CJS 300, Negligence 174(4); 57A Am.Jur.2d 734, Negligence 833.
Our view is consonant with the decision of Judge Fuller in the Cheneski case. First, we note that facts constituting assumption of risk may be proven under a general denial of the essential allegation that the decedent's injuries were caused by this defendant's misconduct. Second, it appears that the Cheneski case is in accord with the rule in a majority of jurisdictions. Third, the common law defense of assumption of the risk operated as a complete bar to recovery, and recent legislative history on the subject of negligence would indicate a trend away from the application of such a harsh rule.
Motion to Strike granted.
Wagner, J.