[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM, OF DECISION RE: DEFENDANT'S MOTION TO STRIKE CT Page 10727
The plaintiff filed his original complaint on November 23, 1990, seeking to recover for injuries sustained as a result of an allegedly defective product manufactured by defendant Soft Sheen Products (Soft Sheen), and distributed by defendants Beauty Enterprises, Inc. and American Discount Stores. In his revised complaint, filed on March 11, 1991, the plaintiff alleges that on January 10, 1989, he applied "Soft Sheen Care Free Curl Instant Moisturizer with Glycerin and Protein" to his hair. The plaintiff alleges that later on that same day, he attempted to light a cigar with a lighter and his hair "burst into flames," causing him to sustain severe injuries.
The first count of the plaintiff's revised complaint alleges a cause of action under the Connecticut Product Liability Act, General Statutes sec. 52-572m et seq. (PLA). The plaintiff's second count alleges a cause of action under the Connecticut Unfair Trade Practices Act, General Statutes sec. 42-110b et seq. (CUTPA). The plaintiff's third count alleges a cause of action for violation of the reporting requirements of the Consumer Product Safety Act,15 U.S.C. § 2068 et seq. (CPSA).
Soft Sheen filed its motion to strike and supporting memorandum on March 9, 1992. Soft Sheen filed a supplemental memorandum on October 20, 1991. The plaintiff filed his memorandum in opposition on November 2, 1992.
A motion to strike may be used to test the legal sufficiency of a complaint or any count therein to state a claim upon which relief can be granted. Practice Book sec. 152 (1); see also Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). Furthermore, the motion to strike is the proper vehicle to challenge the "legal sufficiency of any part of that answer including any special defense contained therein. . . ." Practice Book sec. 152 (5); see also Passini v. Decker, 39 Conn. Sup. 20, 21, 467 A.2d 691 (1983). All well pleaded facts in a contested pleading are deemed admitted, and should be construed in a light most favorable to the non-moving party. Rowe v. Godou, 209 Conn. 273, 278, 550 A.2d 1073 (1988). When considering a motion to strike "'[t]he allegations are entitled to the CT Page 10728 same favorable construction as a trier would be required to give in admitting evidence under them; and if facts provable under the allegations would support a defense or a cause of action, the . . . [motion to strike] must fail.'" (Citations omitted.) Ferryman v. Groton, supra.
With regard to the second count, Soft Sheen argues that the plaintiff's CUTPA claim should be stricken because it is "functionally equivalent to, and falls within the scope of" the plaintiff's product liability claim pursuant to General Statutes sec.52-572m et seq. In response, the plaintiff argues that the PLA does not preclude a CUTPA claim. the plaintiff also contends that his second count contains allegations that Soft Sheen misrepresented the safety of its product and that this constitutes an unfair or deceptive act, as Soft Sheen knew of the unsafe condition of its product and continued to sell it to the general public.
General Statutes section 52-572m (a) states:
 A product liability claim . . . may be asserted and shall be in lieu of all other claims against product sellers, including actions of negligence, strict liability, and warranty for harm caused by a product.
Sec. 52-572m (b) defines a "[P]roduct liability claim" as one which "includes all claims or actions brought for personal injury . . . caused by the . . . formula . . . warnings . . . or labeling of any product."
The PLA provides an exclusive remedy and precludes a common law cause of action for a claim within the scope of the statute. Winslow v. Lewis-Shepard, Inc. 212 Conn. 462, 562, A.2d 517 (1989). The principal purpose of the PLA is to provide a remedy for people who have been harmed by defective products. Rodia v. Tesco Corporation, 11 Conn. App. 391, 396, 527 A.2d 721 (1987).
In contrast, CUTPA deals with actions that cause unjustified consumer injury rather than a personal injury based upon negligence. A-G Foods, Inc. v. Pepperidge Farm, Inc., 216 Conn. 200, 217,579 A.2d 490 (1990). the main emphasis of CUTPA is on unfair or deceptive practice. Mead v. Burns, 199 Conn. 651, 664, 509 A.2d 11 (1986). A CUTPA claim does not have to involve a product, "nor is it a claim for personal injury caused by the making of a product." D'Alfonso v. Jacob Suchard, Inc., 4 Conn. L. Rptr., 175 (July 1, 1991, Aronson, J.) The court reached this conclusion by comparing the purpose of the CT Page 10729 product liability statutes with General Statutes sec. 42-110b (a) which provides that:
 No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce. . . .
and with General Statutes sec. 42-110g (a) which provides that:
 Any person who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment of a method, act or practice prohibited by sec. 42-110b, may bring an action to recover actual damages.
Thus, a violation of CUTPA may be established by showing "either an actual deceptive practice or a practice amounting to a violation of public policy." Daddona v. Liberty Mobile Home Sales, Inc., 209 Conn. 243, 254, 550 A.2d 1061 (1988) (citations omitted).
In some circumstances, a CUTPA claim arising out of the same transaction or occurrence, may be pleaded as a separate count in an action under the PLA. See Notman v. Ford Motor Co.,6 Conn. L. Rptr. 117
(March 30, 1992, Burns, J.); D'Alfonso v. Jacob Suchard, Inc., supra, 220, Haeshe v. Kissner, 4 CSCR 718 (August 15, 1989, Berdon, J.) However,
 If the cause of action being pressed . . . is essentially identical — in wrongs asserted and in relief sought — with that being pursued under the PLA, then it comes within the [PLA's] scope and must be precluded.
Utica Mutual Insurance Co., v. Denwat Corp., 778 F. Sup. 592, (D.Conn. 1991). Thus, the product liability statutes preclude any claim that is "basically co-extensive with" or "functionally identical to" a simultaneously pled product liability claim. West Haven School District v. Owens-Corning Fiberglass Corp., 14 Conn. L. Trib., No. 44, p. 23 (D.Conn, November 7, 1988, Nevas, J.) See also Jaconski v. Harley-Davidson Co. Inc., 4 CSCR 413 (April 21, 1989, Koletsky, J.); Notman v. Ford Motor Co., supra. 118; Howell v. Capitol Chemical Ind. Inc., 7 Conn. L. Rptr., No. 3, 88 (August 10, 1992, Katz, J.)
In the present case, the plaintiff incorporates the product liability allegations pled in the first count in support of his CUTPA claim. (See paragraphs 1-21 of the first count which are CT Page 10730 incorporated into the second count.) To these allegations, the plaintiff adds the following: (1) that Soft Sheen is engaged in "trade or commerce"; (2) that Soft-Sheen knew that glycerin is flammable; (3) that despite such knowledge, Soft Sheen continued to use glycerin in its product; and (4) that Soft Sheen's conduct constitutes "unfair or deceptive" acts.
The plaintiff's CUTPA claim is predicated upon physical injuries caused by the product itself, and not upon unfair or deceptive business practices. thus there is no functional distinction between the wrongs asserted in the CUTPA claim and those in the product liability claim. It is not that a CUTPA claim cannot be brought contemporaneously with the PLA claim in this action but rather that the allegations as pled do not make out a legally sufficient CUTPA claim under sec. 42-110a. Since the PLA provides the exclusive remedy for physical injuries caused by defective products, Soft Sheen's motion to strike the second count is granted.
Soft Sheen contends that the third count of the plaintiff's revised complaint fails to state a claim under the CPSA because that statute does not apply to cosmetics such as the Soft Sheen hair product, and because no private cause of action exists for violation of the reporting requirements of the CPSA. In response, the plaintiff argues that a claim under the CPSA may be brought in addition to a cause of action based on a state product liability claim.
Section 2052 of the CPSA provides that:
(a) for the purposes of this chapter:
 (1) The term "consumer product: means any article, or component part thereof, produced or distributed (i) for sale to a consumer for use in or around a permanent or temporary household or residence, a school, in recreation, or otherwise, or (ii) for the personal use, consumption or enjoyment of a consumer in or around a permanent or temporary household or residence, a school, in recreation, or otherwise; but such term does not include-
 (H) drugs, devices, or cosmetics (as such terms are defined in sections 201(g), (h), and (i) of the Federal Food, Drug, and Cosmetic Act) or. . . .
CT Page 10731
Section 201 (i) of the Federal Food, Drug, and Cosmetic Act provides that:
 (i) The term "cosmetic" means (1) articles intended to be rubbed, poured, sprinkled, or sprayed on, introduces into, or otherwise applied to the human body or any part thereof for cleansing, beautifying, promoting attractiveness, or altering the appearance, and (2) articles intended for use as a component of any such articles; except that such term shall not include soap.
The manufacturer of an allegedly unsafe product can only be held liable if the product is a "consumer product" within the meaning of the CPSA. Sara Lee Corp. v. Homasote Co., 719 F. Sup. 417, 415-26
(D Md. 1989); Russom v. Kilgore Corp., 692 F. Sup. 796, 799 (N.D.Tenn. 1988). "It is inconceivable . . . that a cause of action under the [CPSA] can exist if the [Consumer Products Safety Commission] lacks the authority to regulate the [products] involved. . . ." Pitcavage v. Mastercraft Boat Co., 632 F. Sup. 842, 851 (M.D.Pa. 1985).
Soft Sheen's hair care product falls within the definition of a cosmetic, as provided by sec. 2052 (a) (H) of the CPSA, and therefore, is expressly excluded from the scope of the CPSA.
For the foregoing reasons, Soft Sheen's motion to strike the third count of the plaintiff's revised complaint is granted because this count fails to state a legally sufficient claim under the CPSA.
LEHENY, J.