[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
The plaintiff has filed a nineteen count complaint against several defendants arising from the alleged negligent construction and installation of sewer works on the plaintiff's property. Various causes of action are set forth in the complaint, including nuisance, negligence, trespass, breach of warranty, strict liability for ultrahazardous CT Page 7649 activities and violations of the Connecticut Unfair Trade Practices Act ("CUTPA") and various Environmental Protection Act ("EPA") statutes.
The plaintiff alleges that defendant Price Brothers Company ("Price") is a supplier of products. Price has filed a motion to strike counts one through nine and eleven through seventeen and nineteen on the ground that the claims asserted therein are barred by the exclusivity provision of the Product Liability Act ("PLA"), General Statutes 52-572m et seq. Price also moves to strike count eleven on the grounds that plaintiff's environmental claims do not state a private cause of action.
The purpose of a motion to strike is to challenge the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170 (1988). In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. King v. Board of Education,195 Conn. 90, 93 (1985). The court must construe the facts most favorably to the pleader. Blancato v. Feldspar,203 Conn. 34, 36 (1987). The allegations are entitled to the same favorable construction as a trier would be required to give in admitting evidence under them and if facts provable under the allegations would support a defense or cause of action, the motion to strike must fail. Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541, 545
(1980).
I. Counts One through Nine and Twelve through Seventeen
Although the plaintiff did not cite to the PLA in her complaint, the plaintiff's allegations sound in product liability and the court will read the plaintiff's cause of action as a PLA claim. See Mongillo v. AMF, Inc.,3 Conn. L. Rptr. 434 (April 6, 1987, Berdon, J.).
General Statutes 52-572n(a) provides:
 A product liability claim . . . may be asserted and shall be in lieu of all other claims against product sellers, including actions of negligence, strict liability and warranty, for harm caused CT Page 7650 by a product.
General Statutes 52-572m(b) defines a "product liability claim" as follows:
 "Product liability claim" includes all claims or actions brought for personal injury, death or property damage caused by the manufacture, construction, design, formula, preparation, assembly, installation, testing, warnings, instructions, marketing, packaging or labeling of any product. "Product liability claim" shall include, but is not limited to, all actions based on the following theories: Strict liability in tort; negligence; breach of warranty, expressed or implied; breach of or failure to discharge a duty to warn or instruct, whether negligent or innocent; misrepresentation or nondisclosure, whether negligent or innocent.
The PLA is "an exclusive remedy for claims falling within the scope." Winslow v. Lewis-Shepard, Inc., 212 Conn. 462,471 (1989). The purpose behind the act was to merge the numerous causes of action that have been asserted in common law product liability actions and to create one statutory cause of action, embracing the various theories of liability. Id., 470.
A party can plead alternative common law theories of liability to support a PLA cause of action. In Skerritt v. Sandoz Nutrition Corporation, 3 Conn. L. Rptr. 433 (March 26, 1991 Berdon, J.), the defendant moved to strike counts sounding in fraud and negligence from a PLA claim and, in denying the motion, the court stated:
 Surely the plaintiff may plead in the alternative. Stephenson, E., Conn. Civil Procedure, 92. Furthermore, it is clear that although under the Act the claimant may only assert a product liability claim, there was no intention on the part of the framers to eliminate the various CT Page 7651 theories of liability under the common law. Mongillo v. AMF, Inc., memorandum of decision dated April 6, 1987. . . . Finally, the plaintiffs may be able to prove facts under the broad allegations of this complaint which would set out a cause of action not within the scope of the Product Liability Act.
In the present case, in counts one through nine and twelve through seventeen, the plaintiff has alleged common law theories of liability for which the PLA is the exclusive remedy. In Hoboken Wood Flooring Corporation v. Torrington Supply Co., 42 Conn. Sup. 153, 157 (1992), the court noted that:
 It is clear from the legislative history set forth in Winslow that the legislature intended all product liability claims to constitute a single cause of action; and a complaint setting forth a single cause of action "should be confined to a single count." The fact that a product liability claim can comprehend a number of distinct theories does not preclude a single count complaint.
(Citations omitted.)
Because Price has not raised this issue and because the rules of pleading are to be liberally applied; DeFelippi v. DeFelippi, 23 Conn. Sup. 352, 353 (1962); counts one through nine and twelve through seventeen should be read as one count. The allegations in these counts are legally sufficient to support the plaintiff's cause of action against Price, a product supplier, pursuant to the PLA.
Therefore, the court must deny the defendant's motion to strike counts one through nine and twelve through seventeen.
II. Counts Eleven and Nineteen
In count eleven, the plaintiff cites several sections of the Connecticut EPA which the plaintiff alleges CT Page 7652 Price violated. In count nineteen, the plaintiff alleges that the Price's actions violated CUTPA.
Both of these counts assert statutory causes of action. Various courts have decided generally, in the context of CUTPA, that a statutory claim arising out of the same transaction or occurrence as the PLA claim may be pled as a separate count in an action under the PLA. See Notman v. Ford Motor Company, 6 Conn. L. Rptr. 117 (March 4, 1992, Burns, J.). These courts have reasoned that the product liability statutes only preclude claims which are "basically co-extensive with" or "functionally identical to" a simultaneously pled product liability claim. West Haven School District v. Owens-Corning Fiberglass Corp., 14 Conn. L. Trib., No. 44, p. 23 (D.Conn., July 21, 1988, Nevas, J.). See also Howell v. Capitol Chemical Ind. Inc.,7 Conn. L. Rptr. 88 (July 14, 1992, Katz, J.); Jaconski v. Harley-Davidson Co. Inc., 4 CSCR 413 (April 21, 1989, Koletsky, J.).
The plaintiff incorporates the product liability allegations pled in the first count in support of his EPA and CUTPA claims. The plaintiff's EPA and CUTPA claims are "basically co-extensive with" and "functionally identical to" the product liability claim and, therefore, these claims are barred by the exclusivity provision of the PLA.
Therefore, the court must grant Price's motion to strike counts eleven and nineteen of the plaintiff's complaint.
III.
For the reason stated above the court denies Price's motion to strike counts one through nine and twelve through seventeen and grants Price's motion to strike counts eleven and nineteen.
HENDEL, J.