[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I.
The plaintiff Dolores Stella has filed this case under the Connecticut Product Liability Act (CPLA), General Statutes52-572m et. seq., alleging that after eating some "Fancy Imitation Crabmeat," a product of defendant Icicle Seafoods, Inc., she developed food poisoning and other health problems. She alleges, inter alia, that the CPLA was violated in that the defendant failed to adequately test its product, failed to warn of its potential harm, and misrepresented the safety of the food product. In her second count she alleges a violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes42-110a, et. seq., by simply incorporating the allegations contained in the CPLA first count.
II.
The defendant has moved to strike the second count maintaining that the CPLA is the exclusive remedy for physical injury caused by a product.
Connecticut General Statutes 52-572n(a) states that, "a product liability claim . . . may be asserted and shall be in lieu of all other claims against product sellers, including actions of negligence, strict liability and warranty for harm caused by a product." The products liability statute provides an exclusive remedy and the plaintiff cannot bring a common law cause of action for a claim within the scope of the statute. Daily v. New Britain Machine Co., 200 Conn. 562, 571-72 (1986).
A principal purpose of the products liability statutes is "to protect people from harm caused by defective and hazardous products." Rodia v. Tesco Corp., 11 Conn. App. 391, 396 (1987).
"CUTPA does not involve a product, nor is it a claim for personal injury caused by the making of a product." D'Alfonso v. Jacobs Suchard, Inc., 4 Conn. L. Rptr. 175, 176 (1991). CUTPA's main emphasis is on unfair or deceptive practices. Id. citing Mead v. Burns, 199 Conn. 651, 664 (1986).
Our Superior Court is divided on the issue of whether both claims may be maintained in the same action. Some courts have held that CPLA provides an exclusive remedy. See, e.g., Grieg, Administrator v. Koehring Construction Equipment Co., 2 CSCR 511
(1987); DiNardo v. Coronaverden Atkiebo, 2 CSCR 802 (1987). CT Page 11335 Others have held that CPLA does not bar a CUTPA claim since the two statutory sections seek to protect against different types of harm. See, e.g., Cunningham v. Chainsaws, Unltd., Inc.,4 Conn. L. Rptr. 506 (1991); D'Alfonso v. Jacobs Suchard, Inc., supra, 176; Haesche v. Kissner, 4 CSCR 718 (1989).
A third approach is to use a functional analysis in determining whether a CPLA claim bars a CUTPA claim in the same action. See, e.g., Cristy v. Soft Sheen Products, Inc.,7 Conn. L. Rptr. No. 20, 601 (1992); Norman v. Ford Motor Co.,6 Conn. L. Rptr. No. 4, 117 (1992); Jaconski v. Harley-Davidson Co., Inc., 4 CSCR 413 (1989). The functional analysis relies upon the view that "the products liability statutes preclude any claim that is `basically co-extensive with' or `functionally identical to' a simultaneously plead product liability claim." Norman, supra, 118 quoting West Haven School District v. Owens-Corning Fiberglass Corp., 14 CLT No. 44, p. 23 (D. Conn. November 7, 1988 (Nevas, J.); see also, Jaconski, supra, 414. This court believes this is the appropriate rule. Where "the plaintiff's CUTPA claim is predicated upon physical injuries caused by the product itself, and not upon unfair or deceptive business practices, there is no functional distinction between the wrongs asserted in the CUTPA claim and those in the product liability claim." Cristy, supra, 602.
The CUTPA claim in the instant action merely incorporates the allegations of the CPLA count into the CUTPA count. Under such circumstances, the CUTPA claim is basically coextensive with and functionally identical to the CPLA claim. Therefore, the motion to strike is granted. Since the CUTPA claim has been stricken, the claims for punitive damages and attorneys fees based upon CUTPA are also stricken.
Nassau, Borowy Griffith for plaintiff.
Carmody Torrance for defendant. CT Page 11336