[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT MINWAX'S MOTION TO STRIKE
This is a product liability action claiming property damages resulting from a fire in a church allegedly started in a spontaneous manner from rags used to apply Watco Danish Oil Finish manufactured by defendant Minwax Company, Inc.
— I —
Count Three of the Amended Complaint directed to Minwax alleges a violation of General Statutes § 42-110 et seq. ("CUTPA") and defendant moves to strike this count on the ground that a CUTPA claim may not be asserted in a product liability action instituted under General Statutes §52-572m et seq.
General Statutes § 52-572m provides that "[a] product liability claim . . . may be asserted and shall be in lieu of all other claims against product sellers, including actions of negligence, strict liability and warranty, for harm caused by a product."
General Statutes § 52-572m(b) provides: CT Page 5721
 `Product liability claim' includes all claims or actions brought for personal injury, death or property damage caused by the manufacture, construction, design, formula, preparation, assembly, installation, testing, warnings instructions, marketing, packaging or labeling of any product. `Product liability claim' shall include, but is not limited to, all actions based on the following theories: Strict liability in tort; negligence; breach of warranty, express or implied; breach of or failure to discharge a duty to warn or instruct, whether negligent or innocent; misrepresentation or nondisclosure,
whether negligent or innocent.
(Emphasis added.)
The principal purpose of the product liability statute is "to protect people from harm caused by defective and hazardous products." Rodia v. Tesco Corp., 11 Conn. App. 391,396, 527 A.2d 721 (1987). However, "CUTPA does not involve a product, nor is it a claim for personal injury [or property damage] caused by the making of a product."D'Alfonso v. Jacobs Suchard, Inc., 4 Conn. L. Rptr. 175, 176 (May 17, 1991, Aronson, J.). CUTPA's main emphasis is on unfair or deceptive practices. Mead v. Burns, 199 Conn. 651,664, 509 A.2d 11 (1986).
No Connecticut appellate authority has addressed the issue of whether a party may plead a claim under CUTPA in a product liability action, and the Superior Court decisions are divided on the issue. The majority of these cases have held that the product liability act provides an exclusive remedy for injuries caused by a defective product. See, e.g., Jaconski v. Harley-Davidson Co., Inc., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 340421 (April 21, 1989, Koletsky, J.,4 CSCR 413) (motion to strike granted where no functional distinction between the allegations of the CUTPA claim and the allegations of the product liability claim); Dinardo v.Coronaverdon, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 075836 (July 9, 1987, Ryan, J., 2 CSCR 803) (CUTPA is barred by the exclusive nature of the product liability act); Grieg v. Koehring ConstructionCT Page 5722Equipment Co., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 321025 (April 15, 1987, Noren, J., 2 CSCR 511) (CUTPA claim may not be brought along with a claim under the product liability statute); Stella v. Icicle Seafoods, Inc., Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 458373 (December 21, 1993, Berger, J.,9 CSCR 59).
On the other hand, some decisions have held that the Products Liability Act does not bar a CUTPA claim since the two statutory sections seek to protect against different types of harm. See e.g. Cunningham v. Chainsaws, Unlimited,Inc., 4 Conn. L. Rptr. 506 (September 11, 1991, Susco, J.);D'Alfonso v. Jacobs Suchard, Inc, supra,4 Conn. L. Rptr. 220; and Haesche v. Kissner, Superior Court, judicial district of New Haven at New Haven, Docket No. 259062 (August 15, 1989, Berdon, J., 4 CSCR 718).
In West Haven School District v. Owens-CorningFiberglass Corp., 14 CLT No. 44, p. 23 (D.Conn., November 7, 1988, Nevas, J.), the District Court developed a "functional test" to determine whether the CUTPA claim is coextensive with the product liability claim. Under that test, if the cause of action being asserted in the CUTPA claim is essentially identical — in wrongs being asserted and in relief sought — with that being pursued under the product liability act, then it comes within the statute's scope and should be precluded. See also Cristy v. Soft SheenProducts, Inc., 7 Conn. L. Rptr. 601 (November 13, 1992, Leheny, J.) (if the plaintiff's CUTPA claim is predicated upon physical injuries caused by the product itself, and not upon unfair or deceptive business practices, there is no functional distinction between the wrongs asserted in the CUTPA claim and those in the product liability claim).
In Count Three of the present case, the plaintiff incorporates the product liability allegations pleaded in Count One in support of his CUTPA claim and then goes on to allege that Minwax's representations to consumers, including the plaintiff, that its product was suitable for home use when it knew or had reason to know that such representations were false constitutes an unfair and deceptive act or practice in violation of CUTPA. CT Page 5723
Plaintiff's CUTPA claim is predicated upon damages caused by the product itself, and not upon unfair or deceptive business practices, and there is no functional distinction between the wrongs asserted in the CUTPA claim and those asserted in the product liability claim. Under the "functional test" the allegations in Count Three are legally insufficient to give rise to a claim under CUTPA. Minwax's Motion to Strike Count Three of the amended complaint is granted. Moreover, the plaintiff's claims for damages to his wife and children's property based upon CUTPA are also stricken.
— II —
Minwax also moves to strike plaintiff's claim for damages to his wife's and children's property in paragraph 9(b) of Count One, because he has not shown that he acquired those rights. On September 22, 1995, plaintiff filed a motion to add additional plaintiffs in order to correct the nonjoinder of his wife and children.
Practice Book § 100 states:
 Except as provided in Secs. 157 and 198 no action shall be defeated by the nonjoinder or misjoinder of parties. New parties may be added and summoned in, and parties misjoined may be dropped, by order of the court, at any stage of the cause, as it deems the interests of justice require.
Plaintiff should be given a reasonable opportunity to join any omitted parties and the Motion to Strike as to paragraph s(b) of Count One is marked off without prejudice until plaintiff's action is acted upon.
Jerry Wagner State Trial Referee