[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO STRIKE FIFTH COUNT AND INTEREST CLAIM
Plaintiff by amended complaint brings this action in five counts. The first four each are based on twelve identical CT Page 11059 allegations of negligence. Those were ordered stricken by the court because they were each preluded by the product liability act. Conn. Gen. Stats 52-572m et seq. (PLA).
The fifth count alleges the exact same twelve negligent acts but claims some or all of those "constitute a violation of . . . Conn. Gen. Stats. Sec. 40-100a [sic] et seq. including sections [sic]42-110b. . . ." The court reads this as referring to our unfair trade practices act, Conn. Gen. Stats. 42-110a et seq. (CUTPA).
Plaintiff also seeks legal interest "pursuant to Conn. Gen. Stat. Sec. 37-3a."
Defendant moves to strike both the fifth count and the interest claim.
Facts Alleged
In the fall of 1984, but after October 8, the defendant installed and electric sign on property at 2075 Silas Deane Highway, Rocky Hill, Connecticut that read "Micro-Age Computer was in the business of designing, manufacturing, selling, installing and maintaining electric signs. On or about October 23, 1989, while the sign was in operation, its wiring caught fire causing a fire on said premises resulting in damage to various property of plaintiff and to leased equipment. The fire also resulted in loss of income, and profits.
Each of the five counts alleges that the defendant was negligent in one or more of the following ways:
a. The transformers were not bonded;
 b. The high voltage conductors were not installed inside of raceways, no physical protection was provided and they were exposed to water and placed against combustible wood.
 c. Installed exposed, bare, or otherwise unprotected wires and transformers including non-mechanical connections on floor, joists, headers, and other areas located in or near the ceiling-floor assembly in front of the building and also including through the exterior of the building and into the electric neon sign;
d. Conductors and transformers were not enclosed in metal CT Page 11060 cabinets and were installed on wood floor joists in the front of the building;
 f. Current-carrying parts were installed less than one-half inch from wood;
g. Outside sign letters and connectors were not waterproof;
h. The sign was not grounded;
i. There was a failure to install and ground raceway;
j. The lamps/lights were not marked;
 k. They failed to install equipment pursuant to their proper listing (i.e., that the equipment or material meet appropriate standards or had been tested and had been found suitable for use in a specified manner) in conformance with those listings as required by the National Electric Code which made them therefore not suitable for the use intended;
 l. They designed, installed, and maintained the sign and its components in violation of the National Electric Code as published by the National Fire Protection Association as adopted by the State of Connecticut and Town of Rocky Hill in one or more of the following sections: 420-R, 410-88, 600-4, 600-5, 600-7, 600-8(a), (a), (b), and (g).
The plaintiff alleges in count one of the complaint that the defendant was negligent in designing, manufacturing, selling, installing, and maintaining the sign; in count two breach of implied warranties of merchantability and fitness; in count three that the defendant is strictly liable; and in count four that the defendant breached its contract of sale with the plaintiff. The fifth count is the CUTPA claim.
I. Law
I. Exclusivity of Conn. Gen. States. 52-572n
et seq. (PLA).
There appears to be a divergence of opinion in the superior court as to whether a CUTPA claim may be brought with a PLA claim. Jaconski v. Harley-Davidson Co., Inc., 4 CSCR 413, 414
(April 21, 1989, Koletsky, J.); Grieg v. Koehring Construction CT Page 11061 Equipment Co., 2 CSCR 511 (April 15, 1987, Noren, J.); and Dinardo v. Coronaverden Atkiebo, 2 CSCR 803 (July 9, 1987, Ryan, J.). hold that statutory causes of action like CUTPA are also barred by the PLA. Some cases interpret that exclusivity language as only precluding common law causes of action and not statutory causes of action. Skerritt v. Sandoz Nutrition Corp.,3 Conn. L. Rptr. 433 (March 26, 1991, Berdon, J.)' Morrissey v. Toytomi America, Inc., 3 Conn. L. Rptr. (November 27, 1991 Berdon, J.); Collier v. Bridgehaven Truck Sales, Inc.,2 CSCR 886 (July 22, 1987, Kulawiz, J.).
Both parties rely directly or indirectly on the case of Daily v. New Britain Machine Co., 200 Conn. 562. That action was brought by a complaint that "alleged only violations of statutory enactments", i.e., the PLA. Id. 570. That case clearly states that no common law claims may be brought under PLA. Thus Daily, by itself, is not a great help.
The language of the PLA statute is quite forceful, "a product liability claim . . . may be asserted and shall be in lieu of all other claims against product sellers . . ." Conn. Gen. Stats. 52-572n(a).
If the fifth count is "a product liability claim" it must be stricken. If it is not such a claim in may be maintained.
Every allegation of negligence, breach of warranty and strict liability alleged in the first, second and third counts are alleged as the CUTPA violations in the fifth count.
The fourth count is for breach of contract. It alleges the contract was breached by the exact same grounds of negligence as alleged in the first count. Then the fifth count adopts that fourth count as a basis for its CUTPA CLAIM (paragraphs 33-38). The fifth count goes on to say that some or all of the allegations in the first four counts "constitute a [sic] violation of [CUTPA]." There is nothing alleged but product liability claims, however phrased by plaintiff. There is no independent CUTPA claim alleged. This is just one of the kinds of claims PLA meant to embrace.
The plaintiff's claims for compensatory damages are no different for the CUTPA claim than for the other four counts.
The fifth count is not a CUTPA claim and therefore will be stricken. Grieg v. Koehring Construction Equipment Co., supra; CT Page 11062 McGriff, (Jud. Dist. Hartford/New Britain at Hartford 7/10/89, Thompson, J.); West Haven School District. Owens-Corning Fiberglass Corp., et al, 14 Conn. Law Tribune No. 44, p. 23 (11/7/88, U.S. Dist. Ct., Nevas, J.); Estate of Andrea Notman, et al v. Ford Motor Company, 6, Conn. L. Rptr. No. 4, 17 (3/30/92, Burns, J.) and Preferred Remodeling, Inc. et al v. General Motors, et al, 6 Conn. L. Rptr No. 4, 188 (3/30/92, Rush, J.).
II. Limitation re Property Damage
The statute itself, Conn. Gen. Stats 52-572m, is quite clear in its definitions of who is a product seller and what is a product liability claim. Those two definitional subsections read as follows:
 (a) "Product seller" means any person or entity, including a manufacturer, wholesaler, distributor or retailer who is engaged in the business of selling such products whether the sale is for resale or for use or consumption. The term "product seller"also includes lesser or bailors of product who are engage in the business of leasing or bailment of products.
 (b) "Product liability claim" includes all claims or actions brought for personal injury, death or property damage caused by the manufacture, construction, design, formula, preparation, assemble, installation, testing, warnings, instruction, marketing, packaging or labeling of any product. "Product liability claim" shall include, but is not limited to, all actions based on the following theories: Strict liability in tort; negligence; breach of warranty, express or implied; breach of or failure to discharge a duty to warn or instruct, whether negligent or innocent; misrepresentation or nondisclosure, whether negligent or innocent.
It is alleged that defendant is a product seller. This is not a claim for personal injury or death. Is this a claim for property damage? Clearly it is, but the fifth count alleges "economic loss damages and attorney's fees."
We know what damages and attorney's fees are. In addition "economic loss" is allowed for injury to property. Verdon v. Transamerica, Ins. Co., 187 Conn. 363, 370-373. Thus the fifth count is a claim for property damage.
III. Is this Commercial Loss under PLA? CT Page 11063
Defendant is in the business of designing, manufacturing, selling, installing, and maintaining electric signs. Plaintiff for the purpose of this action is doing business as "MicroAge Computer Stores." Plaintiff alleges "destruction and damage to trade fixtures, inventory, equipment, business records, supplies and leased equipment." He also claims damages for "loss of income and profits and business interruption, advertising loss, moving expenses and re-opening expenses." Clearly both are commercial parties under Conn. Gen Stats. 52-572n(c). As a commercial claimant plaintiff may not recover under PLA but may only claim under "title 42a, the Uniform Commercial Code" (UCC) Id. Although that subsection was not added until 1984 the effective date of the act is October 1, 1984. PA 84=509 2 and Conn. Gen. Stats. 52-32.
IV. Interest
Because the entire complaint has been stricken it would appear to be a moot question as to whether or not interest is available under a PLA claim. This court expects the question might arise again if plaintiff files a "plain" PLA claim or a title 42a (UCC) claim. This court cannot decide whether or not those new allegations, if proven, would allow a court to find that defendant's failure to pay the claim might be wrongful and thus allow an award of interest. Middlesex Mutual Assurance Co. v. Walsh, 218 Conn. 681, 701-702.
There need be no allegation of wrongfulness. The complaint in Scribner v. O'Brien, Inc., 169 Conn. 389 did not allege any specific wrong on which a claim of interest might be allowed and yet the trial court awarded interest on breach of warranty and negligence claims. The Supreme Court upheld that award. In addition the Scribner complaint did not even ask for interest as it is not required. See P.B. 140
The motion is granted to strike all five (5) counts. CT Page 11064