[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
By amended complaint filed November 19, 1992, the plaintiffs, Mary Jo Courtney, Langan Courtney PPA Mary Jo Courtney, David Zuckerbraun as administrator of the estate of James Courtney, David Zuckerbraun as administrator of the estate of Paul F. Courtney, David Zuckerbraun as administrator of the estate of James J. Courtney, and David Zuckerbraun as administrator of the estate of Jennifer Courtney, brought an action against the defendants Minwax Company, Inc. (hereinafter "Minwax"), Denwat Corporation, and United Builders Supply Company, Inc., pursuant to the Connecticut Product Liability Act (PLA), General Statutes 52-572m et seq. The plaintiffs allege that as a result of a spontaneous combustion of rags used to apply Watco Danish Oil Finish, a product manufactured, distributed, and/or sold by Minwax, a fire was caused at the home of the Courtney family, resulting in physical and emotional injuries to the plaintiffs Mary Jo and Langan Courtney as well as the death of four family members.
On February 16, 1993, the plaintiffs filed an amended complaint in response to the defendant Minwax's January 13, 1993 motion to strike the tenth count of the plaintiffs' original complaint. The defendant Minwax had argued that the tenth count CT Page 445 of the original complaint, a claim pursuant to the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes 42-110a et seq., was barred by the Product Liability Act (PLA), General Statutes 52-572m et seq.
The first nine counts of the plaintiffs' amended complaint are identical to those of the original complaint. In the tenth count of the amended complaint, the plaintiffs again allege that the defendant Minwax's acts in manufacturing, distributing, and/or selling Watco Danish Oil Finish violate CUTPA.
On February 23, 1993, the defendant Minwax filed a motion to strike the tenth count of the plaintiffs' amended complaint and an accompanying memorandum of law, arguing that the plaintiffs' claims under CUTPA are barred by the PLA and therefore fail to state a claim upon which relief may be granted.
On April 26, 1993, the plaintiffs filed a memorandum of law in opposition to the defendant Minwax's February 23, 1993, motion to strike, arguing that a CUTPA claim is not barred by the PLA. On November 24, 1993, the plaintiffs filed a supplemental memorandum of law in opposition to the defendant's motion to strike.
The court had heard oral argument on November 22, 1993.
Pursuant to Practice Book 152, a motion to strike may be brought to test the legal sufficiency of a complaint or any of its counts. Pratt v. Town of Old Saybrook, 225 Conn. 177, 185,621 A.2d 1322 (1993). In ruling on a motion to strike, the court must construe the facts in the complaint most favorably to the plaintiff. Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992). CUTPA provides, in pertinent part, as follows:
 No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce.
General Statutes 42-110b(a).
The PLA provides, in pertinent part, as follows: CT Page 446
 A product liability claim . . . may be asserted and shall be in lieu of all other claims against product sellers, including actions of negligence, strict liability and warranty, for harm caused by a product.
General Statutes 52-572n(a).
This product liability statute has been interpreted to be exclusive of causes of action which plead common law theories of liability. Daily v. New Britain Machine Co., 200 Conn. 562,571, 512 A.2d 893 (1986). "[T]he products liability statute provides an exclusive remedy and the plaintiffs cannot bring a common law cause of action for a claim within the scope of the statute." Id. General Statutes 52-572m(b) defines a product liability claim as including "all claims or actions brought for personal injury . . . caused by the . . . making . . . of any product." General Statutes 52-575n.
There is a split of authority in the Connecticut superior courts regarding whether a CUTPA claim can be pleaded in conjunction with a product liability action. Some courts have held that a product liability claim precludes a CUTPA claim. See, e.g., Cristy v. Soft Sheen Products., 8 CSCR 28, (November 13, 1992, Leheny, J.); Howell v. Capitol Chem. Ind., Inc.,7 Conn. L. Rptr. 88 (July 14, 1992, Katz, J.); Estate of Andrea L. Notman v. Ford Motor Company, 6 Conn. L. Rptr. 117, 118 (March 4, 1992, Burns, J.); Khan v. Laurentano Sign Corp., 7 CSCR 1212,1213 (October 8, 1992, O'Neill, J.); Preferred Remodelers, Inc. v. General Motors Corp., 6, Conn. L. Rptr. 118, 119 (March 4, 1992, Rush, J.), Connecticut v. McGriff, 4 CSCR 609, 610 (July 10, 1989 Thompson, J.) One court reasoned:
 A CUTPA claim, accompanied by allegations that the defendant sold a product with the deficiencies alleged in the product liability count of the complaint, does not create a functional distinction between the allegations of the product liability count. [The] act of incorporating [a] product liability allegation in support of [a] CUTPA claim amounts to a "functionally identical" claim which is precluded by the product liability statutes. CT Page 447
(Internal quotation marks omitted; citations omitted.) Estate of Andrea L. Notman v. Ford Motor Company, supra, 118.
Other courts, however, have held that a CUTPA claim can be pleaded with a product liability claim, as each seeks to compensate for a different harm. See, e.g., Cunningham v. Chainsaws Unltd., Inc., 4 Conn. L. Rptr. 506, (September 11, 1991, Susco, J); D'Alfonso v. Jacobs Suchard, Inc.,4 Conn. L. Rptr. 175, 176 (May 17, 1991, Aronson, J.); Kosowsky v. Sandoz Nutrition Corp., 4 Conn. L. Rptr. 390, 391 (August 2, 1991, Dorsey, J.); Haesche v. Kissner, 4 CSCR 718, 719 (August 15, 1989, Berdon, J.); Morrissey v. Toyotomi America, Inc.,3 CSCR 101, (November 27, 1987, Berdon, J.). One court reasoned:
 CUTPA deals with actions that cause unjustified consumer injury rather than a personal injury based upon negligence. CUTPA's main emphasis is on unfair or deceptive practices. However, our Products Liability Statutes have, as a principal purpose, "to protect from harm caused by defective and hazardous products."
 Since CUTPA and the Products Liability Statute are legislative remedies serving to accomplish different objectives, they are not mutually exclusive, CUTPA being a remedial statute and the Products Liability Statute being a substantive statute providing for damages caused by harm from a product in lieu of common law causes of action.
(Citations omitted.) D'Alfonso v. Jacobs Suchard, Inc., supra, 174.
The court notes the following language from Howell v. Capital Chemical Ind., Inc., mentioned above written by then Judge Katz now Justice Katz in discussing the Product Liability Act 52-572m et seq.
"The purpose behind the act was to merge the numerous causes in common law product liability actions and to create one statutory cause of action embracing the various theories of liability." CT Page 448
In West Haven School District v. Owen-Corning Fiberglas Corp., . . . Judge Nevas developed a "functional test" to determine whether the CUTPA claim is coexistive with the product liability claim."
"If the cause of action being pressed . . . is essentially identical in wrongs asserted and in relief sought with that being pursued under the PLA then it comes within the statute's scope and must be precluded."
After carefully weighing the above-noted cases, the court grants the defendant's motion to strike the tenth count of the plaintiff's amended complaint.
NOTE: Counsel involved in these proceedings having earlier indicated that Hendel, J. had earlier denied a motion to strike in the consolidated case of United Services Automobile Association as Subrogee of James J. Courtney and Mary Jo Courtney v. Minwax Company, Inc., et al, Docket No. 93-525278S, the court exhaustively reviewed both files. In fact, it appears that in the consolidated file, the Minwax motion to strike the CUTPA claim was never ruled on.
The court, Hendel, J., merely overruled Minwax's objection to the motion to amend which motion had been filed on or about March 31, 1993.
Austin, J.