[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiffs have brought this action against defendants Minwax Company, Inc. (Minwax), Denwat Corporation, and S. Jacobs Sons, Inc. pursuant to the Connecticut Product Liability Act (PLA), Conn. Gen. Stat. 52-572m to 572q (1993). Plaintiffs allege that as a result of the spontaneous combustion of rags used to apply Watco Danish Oil Finish, a product manufactured, distributed, and/or sold by Minwax, a fire was caused at St. John's Church, resulting in damage to the premises and its contents. CT Page 3780
In the first two counts of the complaint plaintiffs allege that harm was caused by defects in the product, Watco Danish Oil Finish. (The Products Liability Claim) In the third count they incorporate by reference the allegations in the first and second counts, and further allege a CUTPA claim. (Conn. Gen. Stat. 42-110a et seq.) The CUTPA claim alleges false representation through advertisements, labeling, and/or brochures.
Minwax moves to strike the third count of the complaint because plaintiffs' claims under CUTPA contained in the third count are barred by the PLA, and therefore fail to state a claim upon which relief can be granted.
General Statutes Section 52-572n(a) provides:
 "A product liability claim . . . may be asserted and shall be in lieu of all other claims against product sellers, including actions of negligence, strict liability and warranty for harm caused by a product."
General Statutes Section 52-572m(b) provides:
 "`Product seller claim' includes all claims or actions brought for . . . property damage caused by the manufacture, construction, design, formula, preparation, assembly, installation, testing, warnings, instructions, marketing, packaging or labeling, of any product. `Product liability claim' shall include, but is not limited to, all actions based on the following theories: Strict liability in tort; negligence; breach of warranty, express or implied, breach of or failure to discharge a duty to warn or instruct, whether negligent or innocent; misrepresentation or nondisclosure, whether negligent or innocent."
The court holds that the claim of misrepresentation is simply one facet of the overall allegation of product liability. It is well within the scope of the product liability statutes, is governed by the PLA's exclusion remedy provision, and must be subsumed in the first two counts of the complaint. West Haven School District v. Owens-Corning CT Page 3781 Fiberglas Corp., et al 1988 WL 250851 (D. Conn.).
Accordingly, the motion to strike Count 3 is granted.
Allen, State Trial Referee