[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 8945
McGrail, Carroll Sheedy for plaintiff.
Carmody Torrance for defendant.
The plaintiff alleges in her complaint, dated April 26, 1994, the following factual scenario: The plaintiff purchased a hand truck from Home Depot, which had been manufactured by Precision. The plaintiff alleges that while she was using the hand truck, the truck's rubber hand grips slipped off, causing her to fall backwards and sustain injuries.
The plaintiff's complaint is in four counts; counts one and three assert claims under the Connecticut Product Liability Act ("CPLA"), General Statutes § 52-574m et seq., against Home Depot and Precision, respectively. The second and fourth counts allege violations of the Connecticut Unfair Trade Practices Act ("CUTPA"), General Statutes § 42-110a, et seq., against Home Depot and Precision, respectively, arising out of the sale of the hand truck.
The defendants move to strike counts two and four of the plaintiff's complaint, arguing that the CPLA provides the plaintiff's exclusive remedy for a product liability claim. The defendants also move to strike the plaintiff's claims in the prayer for relief for attorney's fees and punitive damages on the ground that the complaint contains no allegations which would support such claims for relief. The plaintiff has submitted a memorandum in opposition.
The motion to strike challenges the legal sufficiency of a complaint, or count thereof. Practice Book § 152(1); see alsoWestport Bank Trust Co. v. Corcoran, Mallin Aresco,221 Conn. 490, 495, 605 A.2d 862 (1992). In ruling on the motion to strike, the court must construe the allegations of the complaint in the light most favorable to the nonmovant. NovametrixMedical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215,618 A.2d 25 (1992). "The grounds for a [motion to strike] may be that the facts, as pleaded, do not constitute a legally cognizable claim for relief." Nowak v. Nowak, 175 Conn. 112,116, 394 A.2d 716 (1978).
General Statutes § 52-572n states that "[a] product liability claim as provided in sections 52-240a, 52-240b, 52-572m
CT Page 8946 to 52-572r, inclusive and 52-577a maybe asserted and shallbe in lieu of all other claims against product sellers, including actions in negligence, strict liability, and warranty, for harm caused by a product." (Emphasis added.) The supreme court has held that a plaintiff asserting common law claims for harms caused by a product "must select the statutory remedy [of the CPLA], as it was intended by the legislature to be exclusive."Daily v. New Britain Machine Co., 200 Conn. 562, 571-72,512 A.2d 893 (1986); see also Winslow v. Lewis-Shepard, Inc.,212 Conn. 462, 471, 562 A.2d 517 (1989) (the CPLA provides "the exclusive remedy for claims falling within its scope").
There is a split of authority among the Connecticut superior courts as to whether a CUTPA claim can be pleaded in conjunction with a product liability claim. See Courtney v.Miniwax Company, 9 CSCR 174 (January 5, 1994, Austin, J.) and cases cited therein; see also Grieg v. Koehring ConstructionEquipment Co., 2 CSCR 511, (April 15, 1987, Noren, J.) (exclusivity provisions of General Statutes § 52-572n preclude further statutory claims, such as CUTPA, being brought with product liability claims); Hoboken Wood Flooring Corp. v. TorringtonSupply Co., 42 Conn. Sup. 153, 156, 606 A.2d 1006 (1991, Blue, J.) ("[A] product liability claim cannot be joined with any other cause of action, common law or statutory."); but seeHaesche v. Kissner, 4 CSCR 718 (August 15, 1989, Berdon, J.) (CPLA and CUTPA seek to compensate for different types of harm, the CPLA compensating for harm caused by a defective or dangerous product and CUTPA for the harm caused by a business practice); D'Alfonso v. Jacobs Suchard, Inc.,4 Conn. L. Rptr. 175, 176 (May 17, 1991, Aronson, J.) (both claims redress different injuries and, therefore, not mutually exclusive).
Neither the appellate nor the supreme court has decided whether a claim under the scope of the CPLA can be pleaded coextensively with a CUTPA claim. Judge Nevas, in West HavenSchool District v. Owens-Corning Fiberglass Corp., Civ. No. H-85-1056 (D.C. Conn.), developed a "functional test" to determine whether a CUTPA claim is coextensive with a product liability claim, and thereby barred by the exclusivity provisions of the CPLA. "[I]f the cause of action being pressed . . . is essentially identical — in wrongs asserted and in relief sought — with that being pursued under the [C]PLA, then it comes within the statute's scope and must be precluded." Id., p. 6; see alsoHowell v. Capitol Chemical Industries, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 277541 (July 14, CT Page 8947 1992, Katz, J.); Khan v. Laurentano Sign Corp., 7 CSCR 1212
(October 8, 1992, O'Neill, J.) (court granted defendant's motion to strike CUTPA claim because plaintiff realleged allegations from CPLA claim in CUTPA claim and, therefore, claims were functionally equivalent). For a CUTPA claim to stand under the functional test, it must set forth allegations that are separate and distinct from the allegations of the CPLA. Stella v. IcicleSeafoods, Inc., 9 CSCR 59 (December 21, 1993, Berger, J.) (plaintiff's CUTPA count incorporating allegations of CPLA claim was functionally equivalent to CPLA claim; motion to strike granted); Londrini v. Brito Enterprise, 9 Conn. L. Rptr. 617
(September 27, 1993, Hendel, J.) (same). This court adopts the functional test, discussed above, because where the CUTPA claim and the CPLA claim both seek to redress the same wrong or injury, the exclusivity provisions of the CPLA, quoted above, would direct that plaintiff's CUTPA claim is precluded. SeeDaily v. New Britain Machine Co., supra, 200 Conn. 571-72;Winslow v. Lewis-Shepard, Inc., supra, 212 Conn. 471.
In the present case, the plaintiff alleges as a basis of the CUTPA claim that the defendants concealed and failed to warn the plaintiff of the dangerous propensities of the hand truck, and misrepresented the safety of the hand truck to the plaintiff. In the CPLA claim, the plaintiff also alleges that the defendants failed to warn the plaintiff and failed to disclose to the plaintiff the hand truck's dangerous propensities, and failed to provide sufficient instructions regarding the use of the hand truck. In addition, the plaintiff alleged that the defendants knew or should have known of the dangerous characteristics of the hand truck, yet failed to disclose this information to the plaintiff and sold the hand truck to her. The allegations of the CUTPA claim are encompassed in the CPLA claim, and seek to redress injuries allegedly caused by the same wrongful conduct, i.e., the defendants' failure to adequately and fully warn or inform the plaintiff of the dangerous propensities of the hand truck, and the defendants' misrepresentation and nondisclosure of the hand truck's dangerous propensities. See Convention, Episcopal Diocese v. Miniwax Co.,9 CSCR 452 (April 7, 1994, Allen, S.T.R.) (CPLA includes claims for misrepresentation and nondisclosure, whether negligent or innocent, and, therefore, CUTPA claim based on defendant's misrepresentations regarding product's safety was precluded by CPLA's exclusivity provisions). Accordingly, the defendants' motion to strike the second and fourth counts of the plaintiff's complaint is granted. CT Page 8948
The defendants also move to strike the plaintiff's claims for punitive damages and attorney's fee, arguing that in the absence of the CUTPA claim, the remaining counts of the plaintiff's complaint do not contain the necessary allegations to support such claims for relief. General Statutes § 52-240b
provides; "Punitive damages may be awarded if the claimant proves that the harm suffered was the result of the product seller's reckless disregard to safety of product users, consumers or others who were injured by the product." In order to survive a motion to strike a claim for punitive damages based on General Statutes § 52-240b, the allegations of the complaint must allow for the presentation of facts necessary to show a "reckless disregard for the safety of product users." SeePreferred Remodelers, Inc., v. General Motors,6 Conn. L. Rptr. 118
(March 4, 1992, Rush, J.) (allegations that the defendants were aware of defective condition in product, and that the defendants sold product to the plaintiffs without sufficient warning, were capable of supporting proof of reckless disregard for safety of product users). The plaintiff alleges that the defendants knew of the dangerous characteristics of the hand truck, yet failed to disclose this information to the plaintiff and, nevertheless, sold the hand truck to her. Accordingly, the defendants' motion to strike the claim for punitive damages is denied.
The defendants also move to strike the claim for attorney's fees in the prayer for relief. Connecticut General Statutes § 52-240a provides as follows: "If the court determines that the claim or defense is frivolous, the court may award reasonable attorney's fees to the prevailing party in a products liability action." The proper way to request a claim for attorney's fees is by motion for award of attorney's fees, following the parties' presentation of evidence, based on a claim that the party's cause of action or defense was frivolous. See Pontillov. West Farms Associates, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 360344 (April 13, 1994, Aurigemma, J.) (awarding attorney's fees based upon defendant motion for award of attorney's fees after finding that plaintiff's claim under CPLA was frivolous). The plaintiff's complaint does not contain allegations — nor could it at this stage of the proceeding — that the defendants' defenses are frivolous and thereby allow for attorney's fees under General Statutes § 52-240a. Therefore, the claim for attorney's fees in the prayer for relief is legally insufficient. Accordingly, the CT Page 8949 defendants' motion to strike the claim for attorney's fees from the prayer for relief is granted.
/s/ Sylvester, J. SYLVESTER