[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE OF DEFENDANT CHRYSLERCORPORATION
The Plaintiff Jeffrey Fiondella has brought suit against the Defendants Chrysler Corporation[1] ("Chrysler") and Crowley Chrysler Plymouth, Inc. ("Crowley") for injuries arising out of the failure to deploy during an accident of the supplemental restraining system, also known as an airbag, of his vehicle manufactured by Chrysler and sold to him by Crowley. The claims against Chrysler are set forth in the First and Third Counts of the subject Revised Complaint dated December 5, 1995. The First Count sets forth a claim under the Connecticut Products Liability Act ("CPLA"), General Statutes § 52-572m, et seq. The Third Count sets forth a claim under the Connecticut Unfair Trade CT Page 2706 Practices Act ("CUTPA"), General Statutes § 42-110a, et seq. Similar claims are asserted against the Defendant Crowley in the Second and Fourth Counts.
The Defendant Chrysler has moved to strike the Third Count on the ground that the CUTPA claims therein set forth "are improper as pled and are precluded by the exclusivity provision of the Product Liability Act, § 52-572n." In addition, Chrysler has moved to strike as to it the claim for attorney's fees in the prayer for relief on the ground that "there is no statutory or contractual authority for the claim." The Plaintiff asserts in his response that the First and Third Counts seek to address different wrongs, and thus, the CUTPA count is not merely a restatement of the CPLA count.
A motion to strike tests the legal sufficiency of a pleading. Practice Book § 151; Ferryman v. Groton, 212 Conn. 138, 142,561 A.2d 432 (1989). Only the grounds specified in the motion may be considered. Meredith v. Police Commission, 182 Conn. 138, 140
(1980). "[A]ll facts well pleaded and those facts necessarily implied from the allegations are taken as admitted." Amodio v.Cunningham, 182 Conn. 80, 82-83 (1980). "[T]he court must construe the facts alleged in a pleading in the manner most favorable to the plaintiff." Rowe v. Godou, 209 Conn. 273, 278
(1988). "The allegations are entitled to the same favorable construction as a trier would be required to give in admitting evidence under them." Ferryman v. Groton, supra, 142. If the facts provable under the allegations would support a defense or cause of action, the motion to strike must fail." Id.
The CPLA is the exclusive remedy for claims falling within its scope. Winslow v. Lewis-Shepard, Inc., 212 Conn. 452 (1989). Section 52-572m(b) of the CPLA defines a "product liability claim" as follows:
 (b) "Product liability claim" includes all claims or actions brought for personal injury, death or property damage caused by the manufacture, construction, design, formula, preparation, assembly, installation, testing, warnings, instructions, marketing, packaging or labeling of any product. "Product liability claim" shall include, but is not limited to, all actions based on the following theories: Strict ability CT Page 2707 in tort; negligence; breach of warranty, express or implied; breach of or failure to discharge a duty to warn or instruct, whether negligent or innocent; misrepresentation or nondisclosure, whether negligent or innocent.
Section 52-572n provides that a "product liability claim . . . shall be in lieu of all other claims against product sellers, including actions of negligence, strict liability and warranty, for harm caused by a product."
The parties acknowledge that this issue of whether a CUTPA claim may be pleaded in conjunction with a CPLA claim has not as yet been addressed by the Connecticut appeals courts. Further, the parties agree that there is a split of authority among the Superior Courts that have addressed this issue, where three prevailing views have been expressed. The first view is to strike the CUTPA count as barred by the CPLA. The second view is to permit both the CUTPA and CPLA claims to stand irrespective of how pleaded. The third view applies a "functional analysis" test.
Courts adopting the preclusionary first view cite to the language of CPLA § 52-572n(a) as expressly prohibiting not only common law claims, but statutory claims as well, including CUTPA. Thus, pursuant to this approach, the CPLA precludes the bringing of a CUTPA action within a product liability action. See, e.g.: Dinardo v. Coronaverden Atkiebo, 2 CSCR 803 (July 9, 1987, Ryan, J.); Grieg v. Koehring Construction Equipment Co.,2 CSCR 511 (April 15, 1987, Noren, J.).
Courts adopting the permissive second view have held that the CPLA does not bar an action under CUTPA because both statutes seek to compensate for different types of harms. This view holds that the CPLA redresses harm caused from defective products, and while the CUTPA redresses harm from unfair or deceptive business practices. See, e.g.: Cunningham v. Chainsaws Unlimited, Inc.,
4 Conn, L. Rptr. 506 (September 11, 1991, Susco, J.); Skerritt v.Sandoz Nutrition Corporation, judicial district of New Haven, Docket No. 305253 (March 26, 1991, Berdon, J.).
The "functional analysis" third view holds that the CPLA precludes any claim that is "basically co-extensive with" or "functionally identical to" a simultaneously pleaded product liability claim. This view involves an analysis of the subject CT Page 2708 pleadings. See, e.g.: Palmieri v. Hi-Way Campers Inc.,13 Conn. L. Rptr. 17, 535 (February 28, 1995, Gray, J.); Geissler, et al.v. Ford Motor Company, et al., judicial district of Litchfield, Docket No. 061609 (January 13, 1994, Dranginis, J.); Stella v.Icicle Seafoods Inc., judicial district of Hartford/New Britain at New Britain, Docket No. 458373 (December 21, 1993, Berger, J.,9 CSCR 59); Estate of Andrea L. Notman, et al. v. Ford MotorCompany, judicial district of Hartford/New Britain at Hartford, Docket No. 502754 (March 4, 1992, Burns, J.). Stella and Notman
granted motions to strike CUTPA counts, while Palmieri andGeissler denied such motions.
The "functional analysis" test recognizes the distinction between the issues of manufacture, design and marketing addressed by the CPLA and the issues of conduct addressed by CUTPA, while at the same time acknowledging the exclusivity of the CLPA where warranted. This Court will adopt the "functional analysis" test, and apply it to the counts here in issue.
The factual bases for the CUTPA allegations set forth in the Third Count are identical to those in the CPLA First Count. The specifications of CPLA violation are alleged in Paragraph 8a-h of the First Count. These run the gamut of claims within the purview of CPLA § 52-572m(b). They include allegations of negligence, failure to warn, misrepresentation, defective design, failure to disclose dangerous propensities and breach of express and implied warranties.
The specifications of CUTPA violation are set forth in Paragraph 7a-j of the Third Count. Subparagraphs a-h are identical to the foregoing corresponding Subparagraphs a-h of Paragraph 8 of the First Count. The only difference in specifications between the two counts is the addition of Subparagraphs i and j in the CUTPA count. Subparagraphs i and j state in full:
 i. The defendant engaged in misleading advertising of its motor vehicles and misrepresented the nature, characteristic, use, benefits and qualities of the motor vehicle and more specifically its supplemental restraining system.
 j. In that the defendant knew or should have known that the representations or CT Page 2709 statements it made regarding the motor vehicle and more specifically its supplemental restraining system were false or misleading or the defendant did not have sufficient information upon which a reasonable belief in the truth of the representation could be based.
These additional allegations restate claims of misrepresentation, negligence and duty to warn and disclose, all within the purview of a "product liability claim" as defined in § 52-572m(b), supra. The CUTPA allegations of the Third Count are the functional equivalent of the CPLA allegations of the First Count. The gravamen of the Plaintiff's claim remains a product liability claim involving the alleged defective design, manufacture and installation of Plaintiff's vehicle and its supplemental restraining system.
The motion to strike the Third Count should be granted. Since the claim for attorney's fees against Chrysler is dependent upon the Third Count, it too should be stricken.
The motion to strike is granted.