[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTIONS TO STRIKE #110, #112, #114
On May 13, 1997, the plaintiffs, Charlene and Emily Razowski, filed a six count amended complaint sounding in product liability (CPLA) and unfair trade practices (CUTPA), against the defendants, Torrington Mattress Factory, Olympic Bedding, and Blocksom 
Company. The plaintiffs' action arises from the purchase of a mattress from Torrington Mattress, which they allege was defective because it contained insects and insect larva and eggs. CT Page 8365
On May 28, 1997, the defendants Torrington Mattress and Blocksom Company each filed a motion to strike counts two and six, respectively, of the plaintiffs' amended complaint on the ground that the plaintiffs' product liability suit under CPLA precludes a claim under CUTPA. On June 4, 1997 the defendant, Olympic Bedding, filed a motion to strike count four of the plaintiffs' amended complaint on the ground that CPLA's exclusivity provision precludes the assertion of a CUTPA claims, by the plaintiffs. Pursuant to Practice Book § 155, the defendants each filed a memorandum of law in support of their motions. On June 30, 1997, the plaintiffs filed an objection to the defendants motions to strike and a memorandum of law in support of their objection.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." Faulkner v.United Technologies Corp., 240 Conn. 576, 580, 693 A.2d 293 (1997). "[F]or the purpose of a motion to strike, the moving party admits all facts well pleaded." R K Constructors, Inc. v. Fusco Corp.,231 Conn. 381, 383 n. 2, 650 A.2d 153 (1994). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix MedicalSystems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25
(1992). "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.)Faulkner v. United Technologies Corp., supra, 240 Conn. 580. "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.)Waters v. Autori, 236 Conn. 820, 825, 676 A.2d 357 (1996). The Connecticut Supreme Court "will not uphold the granting of [a] motion to strike on a ground not alleged in the motion nor relied upon by the trial court." Blancato v. Feldspar Corp.,203 Conn. 34, 44, 522 A.2d 1235 (1987).
In support of their motions to strike, the defendants all argue that the plaintiffs' CUTPA claim is precluded by the exclusivity clause of CPLA. The defendants argue that the plaintiffs' CUTPA claim is functionally identical to the plaintiffs' product liability claim and as such is legally insufficient and should be stricken.
The plaintiffs argue that the purpose of CPLA and CUTPA are distinct from one another and that their CUTPA claim is not functionally identical to their CPLA claim because the CUTPA claim CT Page 8366 alleges facts not needed for a CPLA claim.
"The legislature clearly intended that the products liability statute (52-572[n] be the exclusive remedy for claims falling within its scope." Winslow v. Lewis-Shepard, Inc., 212 Conn. 452,463, 562 A.2d 517 (1989). "[T]his issue of whether a CUTPA claim may be pleaded in conjunction with a CPLA claim has not as yet been addressed by the Connecticut appeals courts. [T]here is a split of authority among the Superior Courts that have addressed this issue, where three prevailing views have been expressed. The first view is to strike the CUTPA count as barred by the CPLA. The second view is to permit both the CUTPA and CPLA claims to stand irrespective of how pleaded. The third view applies a "functional analysis test." Fiondella v. Chrysler Motors Corp., Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 469048 (March 13, 1996, Fineberg, J.) (16 Conn. L. Rptr. 375).
This court applies the third view, a functional analysis test. The benefit of this approach is that it allows the court to uphold the intent of the legislature by precluding claims that already fall within the scope of the CPLA while recognizing the different harms protected against by CLPA and CUTPA. "The functional analysis test recognizes the distinction between the issues of manufacture, design, and marketing addressed by the CPLA and the issues of conduct addressed by CUTPA, while at the same time acknowledging the exclusivity of the CPLA where warranted."Fiondella v. Chrysler Motors Corporation, supra,16 Conn. L. Rptr. 376.
Under the functional analysis test, "if the cause of action being pressed is essentially identical-in wrongs asserted and in relief sought-with that being pursued under the PLA, then it comes within the PLA's scope and must be precluded. A plaintiff who pleads a CUTPA claim along with a product liability claim must plead separate factual allegations in support of his CUTPA claim. Allegations set forth in he product liability count, and incorporated by reference into the CUTPA count, that are beyond the allegations necessary to support the product liability count, would be sufficient to allow the court to hold that the CUTPA claim is not functionally identical. (Citations omitted; internal quotation marks omitted.) Geissler v. Ford Motor Company, Superior Court, judicial district of Litchfield, Docket No. 061609 (February 28, 1994, Dranginis, J.) (10 Conn. L. Rptr. 619). CT Page 8367
"To maintain a product liability action based on strict liability, the plaintiff must allege that: (1) the defendant was engaged in the business of selling the product; (2) the product was in a defective condition unreasonably dangerous to the consumer or user; (3) the defect caused the injury for which compensation was sought; (4) the defect existed at the time of the sale; and (5) the product was expected to and did reach the consumer without substantial change in condition. For a product liability action based on negligence, plaintiff must plead and prove that the product was defective and that the defect was the proximate cause of the injury.
[Conversely], [a] court should employ the following criteria when determining whether a practice violates CUTPA: (1) Whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise-whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [(competitors or other businessmen)]. All these criteria need not be satisfied to support a finding of unfairness and a practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser degree it meets all three." (Citations omitted; internal quotation marks omitted.) Geissler v. Ford Motor Company, supra,10 Conn. L. Rptr. 619, 620.
The plaintiffs allege in their CUTPA claim that through advertising, labels, and other representations, the defendants warranted that the mattresses were made of new sterile materials, when they were not. The plaintiffs also allege that the defendants knew of the defective condition of the mattresses, yet failed to notify consumers who purchased said mattresses. Finally,.the plaintiffs CUTPA claim alleges that the defendants actions were immoral, oppressive and unscrupulous. These allegations are unnecessary to support a product liability claim. However, these allegations are sufficient to support a cause of action under CUTPA.
Because the plaintiffs' CUTPA claim is not functionally identical to their product liability claim, the defendants motions to strike (# 110, 112, 114) are denied.
HON. WALTER M. PICKETT, JR.CT Page 8368State Judge Referee