[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#153)
On May 16, 1997, the plaintiffs, George Khouri and Barbara Khouri, filed a revised complaint seeking damages for injuries allegedly caused by a defective wood chipper. On May 27, 1997, the defendant, Garden Way, Inc. d/b/a Troy-Bilt Manufacturing Co., filed a motion to strike counts two and five of the plaintiff's complaint on the ground that "the exclusivity provision of the Connecticut Products Liability Act (`CPLA') precludes the assertion of such claims, particularly when the CUTPA count contains the same allegations as the CPLA count."
"The function of a motion to strike is to test the legal sufficiency of a pleading; it admits all facts well pleaded. See Practice Book § 152. The role of the trial court is to examine the complaint, construed in favor of the plaintiffs, to determine whether the pleading party has stated a legally sufficient cause of action." Dodd v. Middlesex Mutual AssuranceCo., 242 Conn. 375, 378, (1997).
"[W]hether a CUTPA claim may be pleaded in conjunction with a CPLA claim has not as yet been addressed by the Connecticut appeals courts. Further, . . . there is a split of authority among the Superior Courts that have addressed this issue, where three prevailing views have been expressed. The first view is to strike the CUTPA count as barred by the CPLA. The second view is to permit both the CUTPA and CPLA claims to stand irrespective of CT Page 8449 how pleaded. The third view applies a "functional analysis" test. . . ." (Citations omitted.) Fiondella v. Chrysler Motors Corp., Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 469048 16 Conn. L. Rptr. 375 (Mar. 13, 1996, Fineberg, J.).
"The `functional analysis' third view holds that the CPLA precludes any claim that is `basically co-extensive with' or `functionally identical to' a simultaneously pleaded product liability claim. This view involves an analysis of the subject pleadings." Fiondella v. Chrysler Motors Corp., supra, Superior Court, Docket No. 469048, 16 Conn. L. Rptr. 375.
In the present case, the second count of the plaintiffs' complaint, which sounds in a CUTPA violation, realleges the identical facts of the first count alleging damages under the CPLA. The CPLA count sounds in negligence, negligent misrepresentation, breach of implied warranty of merchantability, breach of implied warranty of fitness for a particular purpose, and breach of express warranty. The only difference between the first and second counts is found in paragraph thirteen of count two which states: "The foregoing constitutes a violation of the Connecticut Unfair Trade Practices Act, [General Statutes § 42-100a, et seq.] on the part of the [d]efendant in that said actions by the [d]efendant were immoral, oppressive and unscrupulous and caused substantial injury to the [p]laintiff. . . ." Count five reads exactly the same way, and applies to the same defendant doing business under a different name.
"The `functional analysis' test recognizes the distinction between the issues of manufacture, design and marketing addressed by the CPLA and the issues of conduct addressed by CUTPA, while at the same time acknowledging the exclusivity of the CPLA where warranted." Fiondella v. Chrysler Motors Corp., supra, Superior Court, Docket No. 469048, 16 Conn. L. Rptr. 375.
Under the "functionally identical" test, "the plaintiff must simply plead facts in the CUTPA count beyond those necessary to support a product liability cause of action. Allegations set forth in the product [liability] count, and incorporated by reference into the CUTPA count, that are beyond the allegations necessary to support the product [liability] count, would be sufficient to allow the court to hold that the CUTPA claim is not functionally identical." Geissler v. Ford Motor Company, Superior Court, judicial district of Litchfield at Litchfield, Docket No. CT Page 8450 061609, 10 Conn. L. Rptr. 618 (Jan. 13, 1994) (Dranginis, J.).
In Geissler, the "[p]laintiff alleged in both the CPLA and CUTPA counts that the defendants failed to disclose to the general public the dangerous propensities of the brakes and misrepresented to the public that the brakes were safe." Geisslerv. Ford Motor Company, supra, Superior Court, Docket No. 061609. The court denied the motion to strike and stated that "[t]hese allegations are unnecessary to support a product liability claim, but are sufficient to support a cause of action under CUTPA." Id.
In the present case, the plaintiff alleges that the defendant misrepresented "to the [p]laintiff and the general public that the . . . chipper/shredder was safe for use by the general public." (Complaint, ¶ 6(e).) The plaintiff also alleges "that the [d]efendant failed to disclose to the [p]laintiff and the general public the dangerous propensities of the said chipper/shredder[.]" (Complaint, ¶ 6(f).)
The allegations made in the present case are identical to the allegations made in Geissler. The same result reached in Geissler
is therefore warranted here. The counts as pleaded are functionally different from one another and are legally sufficient.
The motion to strike is denied.
KARAZIN, J.