[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#102)
On September 10, 1997, the plaintiffs, Edmond and Joan Niewinski, filed a five count complaint against the defendant, Hemlock Hill R.V. Sales, Inc. The plaintiffs' action arises from their purchase of a Winnebago motor-home from the defendant. According to the complaint, the defendant breached the contract of sale, breached warranties as to the condition of the Winnebago, and violated the Product Liability Act (PLA) and CUTPA.
On December 8, 1997, the defendant filed a motion to strike counts three and five of the plaintiffs' complaint on the basis that the exclusivity provisions of the Product Liability Act preclude breach of warranty and CUTPA claims. Pursuant to Practice Book § 155, the defendant filed a memorandum of law in support of the motion to strike. On January 8, 1998, the plaintiffs filed a memorandum of law in opposition to the motion to strike.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." Faulkner v.United Technologies Corp., 240 Conn. 576, 580, 693 A.2d 293
(1997). "[F]or the purpose of a motion to strike, the moving party admits all facts well pleaded." R K Constructors, Inc. v.Fusco Corp., 231 Conn. 381, 383 n. 2, 650 A.2d 153 (1994). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992). "The court must construe the facts in the complaint most favorably to the plaintiff." CT Page 893 (Internal quotation marks omitted.) Faulkner v. UnitedTechnologies Corp., supra, 240 Conn. 580. "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Waters v. Autori,236 Conn. 820, 825, 676 A.2d 357 (1996). The Connecticut Supreme Court "will not uphold the granting of [a] motion to strike on a ground not alleged in the motion nor relied upon by the trial court." Blancato v. Feldspar Corp., 203 Conn. 34, 44,522 A.2d 1235 (1987).
In support of the motion to strike, the defendant argues that the exclusivity provision of the PLA, General Statutes §52-572n, explicitly states that a claim pursuant to the PLA is in lieu of a claim for breach of warranty. The defendant contends that the allegations contained in the plaintiffs' breach of warranty claim, count three, are virtually identical to those allegations presented in the PLA claim, count four. As such, the defendant argues count three should be stricken. According to the defendant, count five should be stricken because the PLA's exclusivity provision also precludes a CUTPA claim that is the functional equivalent of a PLA claim.
The plaintiffs argue that the motion to strike count three should not be granted because count three alleges harm not within the scope of the PLA. Specifically, the plaintiffs contend that their claim for breach of warranty alleges harm in the form of monetary losses rather than damage to property or personal injury. Count five should not be stricken, according to the plaintiffs, because CUTPA claims are not specifically abrogated by the PLA. As well, the plaintiffs argue that the CUTPA claim is not the functional equivalent of their PLA claim because the CUTPA claim alleges facts not contained in the PLA claim.
The plain language of General Statutes § 52-572n(a) indicates that the legislature intended that a product liability claim, pursuant to § 52-572m, be in lieu of a breach of warranty claim. In this case, the plaintiffs attempt to circumvent the plain language of the statute by claiming that the harm they seek recovery for is monetary loss rather than property damage or personal injury. The monetary losses which the plaintiffs allege in count three, however, are losses which the plaintiffs attribute to the damaged condition of the motor-home. General Statutes § 52-572m defines "harm" to include damage to the product itself. As such, the harm that the plaintiffs allege in count three is within the purview of the PLA. CT Page 894 Accordingly, the motion to strike is granted as to count three.
In deciding the issue of whether a CUTPA claim may be pleaded in conjunction with a PLA claim, this court applies the functional analysis test. "The functional analysis test recognizes the distinction between the issues of manufacture, design, and marketing addressed by the PLA and the issues of conduct addressed by CUTPA, while at the same time acknowledging the exclusivity of the PLA where warranted." Fiondella v.Chrysler Motors Corp., Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 469048 (March 13, 1996, Fineberg, J.) (16 Conn. L. Rptr. 375). Under the functional analysis test, "if the cause of action being pressed is essentially identical — in wrongs asserted and in relief sought — with that being pursued under the PLA, then it comes within the PLA's scope and must be precluded. A plaintiff who pleads a CUTPA claim along with a product liability claim must plead separate factual allegations in support of his CUTPA claim. Allegations set forth in the product liability count, and incorporated by reference into the CUTPA count, that are beyond the allegations necessary to support the product liability count, would be sufficient to allow the court to hold that CUTPA claim is not functionally identical. (Citations omitted; internal quotation marks omitted.) Geissler v. Ford Motor Company,
Superior Court, judicial district of Litchfield, Docket No. 061600 (February 28, 1994, Dranginis, J.) (10 Conn. L. Rptr. 619).
"For a product liability action based on negligence, [the] plaintiff must plead and prove that the product was defective and that the defect was the proximate cause of the injury. [Conversely], [a] court should employ the following criteria when determining whether a practice violates CUTPA: (1) whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [(competitors or other businessmen)]. All these criteria need not be satisfied to support a finding of unfairness and a practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser degree it meets all three." (Citations omitted; internal quotation marks omitted.) Geissler v. Ford
CT Page 895Motor Company, supra, 10 Conn. L. Rptr. 619, 620.
In their CUTPA claim, the plaintiffs incorporate the allegations contained in their PLA claim. Additionally, however, the plaintiffs include allegations of relying on particular statements made by the defendant. As well, the plaintiffs include an allegation that the frame of the motor-home was painted to conceal its actual condition. Finally, the CUTPA claim invokes the "immoral, oppressive and unscrupulous" language of the cigarette rule. Such allegations are not necessary to support a product liability claim in negligence. These allegations, however, may support a CUTPA claim if proven. Because the plaintiffs' CUTPA claim is not functionally identical to their product liability claim, the motion to strike count five is denied.
For the reasons discussed, the motion to strike is granted as to count three and denied as to count five.
HON. WALTER M. PICKETT, JR.State Judge Referee