[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On June 3, 1997, the Plaintiffs, Patricia Mencio and Ned CT Page 3342 Mencio, filed a six count revised complaint alleging a cause of action under the Connecticut Product Liability Act, General Statutes 52-572m et seq. (CPLA) and a cause of action under the Connecticut Unfair Trade Practices Act, General Statutes 42-110a
et seq. (CUTPA) against the Defendants, Ronald Rich d/b/a Furniture Surplus, Olympic Bedding, and Blocksome Co. The Plaintiffs seek to recover for injuries caused by a defective mattress which they allege contained insects and insect larva and eggs.
On July 17, 1997, the Defendant, Ronald Rich d/b/a Furniture Surplus, filed its Answer and Cross Complaint, seeking "indemnification for any damages awarded in favor of plaintiffs and against the Defendant Ronald Rich d/b/a Furniture Surplus, attorney's fees and such other relief as in law or in equity may appertain."
On July 15, 1997, the Defendant Blocksome Co. filed a motion to strike count six of the Revised Complaint on the ground that the Plaintiff's product liability suit under CPLA precludes the Plaintiff from asserting a claim under CUTPA. On July 18, 1997, the Defendant, Olympic Bedding filed a motion to strike count four of the Plaintiffs' Revised Complaint on the grounds that the exclusivity provision of CPLA precludes the assertion of a CUTPA claim and that the Plaintiffs' CUTPA claim is the functional equivalent of the CPLA claim.
Pursuant to PB § 155, on July 15, 1997 and July 18, 1997, the Defendant's each respectively, filed a memorandum of law in support of their motions. On August 21, 1997, the Plaintiffs filed an objection to the Motion to Strike together with their memorandum of law in support of their objection.
On August 12, 1997, the Court, J. Gill, having considered the motion to strike, granted the Defendants' motion to strike.
On August 21, 1997, the Plaintiffs filed a motion to reargue the motion to strike, pursuant to PB § 204B.
On December 15, 1997, the Court, J. Gill orally granted the motion to reargue and referred the matter to this Court, J. Lopez, for a determination of the merits of the Plaintiffs' motions and objections thereto. Following the granting of the motion to reargue, oral argument was then entertained. CT Page 3343
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." Faulkner v.United Technologies Corp. , 240 Conn. 576, 580, 693 A.2d 293
(1997). "For the purpose of a motion to strike, the moving party admits all facts well pleaded." RK Contractors, Inc. v. FuscoCorp. , 231 Conn. 381, 383, No. 2, 650 A.2d 153 (1994)."
"[W]hether a CUTPA claim, may be pleaded in conjunction with a CPLA claim has not as yet been addressed by the Connecticut appeals courts. Further . . . there is a split of authority among the Superior Courts that have addressed this issue, where there prevailing views have been expressed. The first view is to strike the CUTPA count as barred by the CPLA. The second view is to permit both the CUTPA CPLA claims to stand irrespective of how pleaded. The third view applies a "functional analysis test . . ." Fiondella v. Chrysler Motors Corp. , Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 4690408 (March 13, 1996, Fineberg, J.). (16 Conn. L. Rptr. 375).
"The `functional analysis' third view holds that the CPLA precludes any claim that is `basically co-extensive with or `functionally identical to' a simultaneously pleaded product liability claim. This view involves an analysis of the subject pleadings." Fiondella v. Chrysler Motors Corp. , supra, Superior Court, Docket No. 469048.
"The benefit of this approach is that it allows the court to uphold the intent of the legislature by precluding claims that already fall within the scope of CPLA while recognizing the difference harms protected against by CLPA and CUTPA. Razowski v.Torrington Mattress, Superior Court, judicial district of Litchfield at Litchfield, Docket #469048 (September 15, 1997 Pickett, J) 3 Conn. Ops. 1097 (October 13, 1997).
"The functional analysis test recognizes the distinction between the issues of manufacture, design, and marketing addressed by the CPLA and the issue of conduct addressed by CUTPA, while at the same time acknowledging the exclusivity of the CPLA where warranted." Fiondella v. Chrysler Motors Corp. , supra, Superior Court, Docket No. 469948.
"A plaintiff who pleads a CUTPA claim along with a product liability claim must plead separate factual allegations in CT Page 3344 support of his CUTPA claim. Allegations set forth in the product liability count, and incorporated by reference into the CUTPA count, that are beyond the allegations necessary to support the product liability count, would be sufficient to allow the court to hold that the CUTPA claim is not functionally identical."Geissler v. Ford Motor Company, Superior Court, judicial district of Litchfield, Docket No. 061609 (Feb. 28, 1994, Dranginis, J.) (10 Conn. L. Rptr. 619).
In this case, the 3rd and 5th counts alleging damages under CPLA, sounds in negligence, negligent misrepresentation, breach of implied warranty of merchantability, breach of implied warranty of fitness for a particular purpose and breach of express warranty.
In the 4th and 6th counts, sounding in CUTPA, the plaintiffs allege that through advertising, labels, tags, and other written and oral statements, the Defendants warranted that the mattresses were made of new materials, when they were not. The Plaintiffs further allege that the Defendants' knew of this defective condition, yet failed to notify consumers who purchased the mattresses. The Plaintiffs also allege that the actions of the Defendants were immoral, oppressive and unscrupulous.
The allegations made in this case are substantially similar, if not identical, to the allegations made in Razowski v.Torrington Mattress, supra Superior Court, Docket # 469048. In that case, the court, using the functional analysis test, found that the allegations contained in the CUTPA claim are "unnecessary to support a product liability claim. However, these allegations are sufficient to support a cause of action under CUTPA. Because the Plaintiffs' CUTPA claim is not functionally identical to their product liability claim, the Defendants' motions to strike are denied."
The result reached in Razowski is appropriate in this case as well. The Defendants' motions to strike are denied.
Carmen L. Lopez Judge of the Superior Court